# Livingston *v.* Reich, Appellant.

*Slander—Justification—Words charging crime.*

1. A plea of justification in an action of slander for words charging the plaintiff with larceny is sustained by proof of the truth of the charge, but not by proof of the defendant's belief that it was true, nor by proof of the defendant's belief merely that the plaintiff took the goods tortiously.

2. In an action for slander based upon words uttered by the defendant, and charging the plaintiff with stealing cherries, a verdict and judgment for the plaintiff will be sustained where there is ample evidence to warrant a finding that plaintiff had bought the cherries of a boy in charge of defendant's market stand for forty cents, and

laid down a fifty cent piece to pay for them; that afterwards defendant came upon the scene and insisted that the price was fifty cents; that because of the dispute, and not with the intention of stealing the cherries, she took them and the fifty cent piece and went to the market constable and told her story, whereupon the defendant came up and said she was a thief, and had stolen the cherries from his stand.

*Appeals—Harmless error—Charge.*

3. A judgment will not be reversed on appeal because of inadvertences and slight inaccuracies in the charge, if counsel did not call the attention of the trial judge to them before the jury retired, so that they might be corrected.

*Appeals—Assignments of error—Charge—Exceptions.*

4. Where all the assignments of error are to the charge or to answers to points, and the record shows that no exceptions had been taken thereto, the appeal may be quashed.

Argued April 28, 1913.   Appeal, No. 129, April T., 1913, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1909, No. 299, on verdict for plaintiff in case of Cora M. Livingston v. David Reich.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Trespass for slander.   Before CARNAHAN, J.

From the record it appeared that in 1909, the defendant was a dealer in fruits and vegetables, occupying a stand in the Pittsburg Market House.   On July 10, 1909, plaintiff went to defendant's stand and purchased a basket of cherries from a boy in charge of the stand for forty cents.   The defendant at this point came up and insisted that the price was fifty cents.   Plaintiff then took the cherries and the fifty cents and went to find the market constable.   Defendant followed her, shouting that plaintiff was a thief and demanding that the constable should arrest her, charging that she had stolen his cherries.   The court submitted the case to the jury.

Verdict and judgment for plaintiff for $400. Defendant appealed.

*Errors assigned* were various portions of charge and refusal of defendant's points. The verdict showed no exceptions filed to the instructions.

*Frederic W. Miller*, with him *Joseph H. Reich*, for appellant.

*A. H. Rowand*, with him *H. H. Rowand*, for appellee.

PER CURIAM, July 16, 1913:

A plea of justification in an action of slander for words charging the plaintiff with larceny is sustained by proof of the truth of the charge, but not by proof of the defendant's belief that it was true, nor, for a stronger reason, by proof of the defendant's belief merely that the plaintiff took the goods tortiously. It necessarily follows that the defendant's points could not be affirmed upon the ground that the facts therein alleged constitute legal justification. Nor could they be affirmed upon the ground that the defendant's belief that the plaintiff was going away from his market stand with the cherries without paying for them, made his accusation that she stole them privileged as matter of law. Our reason for saying this is, that there was ample evidence to warrant a finding that she had bought the cherries of the boy in charge of the defendant's stand for forty cents and laid down a fifty-cent piece to pay for them, that afterwards the defendant came upon the scene and insisted that the price was fifty cents, that because of the dispute, and not with the intention of stealing the cherries, she took them and the fifty-cent piece and went to the market constable and told her story, whereupon the defendant came up and said she was a thief and had stolen the cherries from his stand. All the circumstances repel the inference that she took the cherries animo furandi, and the great weight of the testimony repels the presumption that the defendant had probable cause for believing that she did. To say the least, whether the circumstances were such as would warrant a reason-

ably prudent man in believing that the plaintiff was guilty of the crime charged against her, was a question which the defendant was not entitled to have withdrawn from the jury, and determined by the court in his favor. The affirmance of the defendant's points would have made the case to turn on his belief of a fact which, of itself and standing alone, would not raise a legal presumption of the plaintiff's guilt of the crime charged against her. Therefore, the court was right in refusing them.

We cannot agree with appellant's counsel that the charge was misleading, inadequate, and unfair to the defendant. On the contrary, our review of the case has led us to the conclusion that it was presented as favorably to the defendant as the evidence warranted. As to the alleged misquotations in the recital of testimony, it is sufficient to say that the errors complained of were not erroneous statements of fact upon decisive questions in the case. At the worst, the inaccuracies were but slight, and belonged to that class of inadvertences of expression which the counsel, if they deem them material, should call to the attention of the judge before the jury retires, so that he may correct them. See Penna. R. R. Co. v. Donora R. R. Co., 219 Pa. 361, and cases there cited. Not only was this not done, but no exception, either general or special, was taken to the charge. As all of the assignments of error relate to the charge and the answers to points, this would have been ground for quashing the appeal, if motion therefor had been made, and, though such motion was not made, it would be a conclusive reason for dismissing the assignments, even though they were more meritorious than we deem them to be.

The assignments are dismissed and the judgment is affirmed.