## Diehl, Appellant, *v.* Ellis.

*Practice, C. P. — Trial — Mistake in charge — Failure to call court's attention to mistake.*

When a trial judge inadvertently confuses the testimony of a witness for the defendant with that of a witness for the plaintiff, but counsel for the plaintiff does not call the judge's attention to the mistake at the trial, and offers no sufficient excuse for failure to do so, a judgment on a verdict for defendant will not be reversed.

Argued March 6, 1917. Appeal, No. 8, March T., 1917, by plaintiff, from judgment of C. P. Montour Co., June T., 1914, No. 16, on verdict for defendant in case of Margaret S. Diehl v. William Ellis. Before ORLADY,

252, (1917).] Charge of Court below—Assignment of Error.

P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Replevin for a mare.   Before EVANS, P. J.

Plaintiff claimed the mare under the will of her father, John A. Ellis.   Defendant claimed that John A. Ellis had given the mare to him.

The court charged in part as follows:

"If you find with respect to the defendant's first contention, viz: That John A. Ellis had actually given the mare to him, William, during his lifetime, and that he, William, took the mare into his possession and had her in his possession after she was given to him, if she was given to him, and that he subsequently loaned the mare to John A. Ellis for the purpose of having some meat taken away somewhere, if you find that contention to be true of course the plaintiff would not be entitled to recover.   And further, if you find that after Mr. John A. Ellis' death, Mrs. Margaret S. Diehl said to the defendant, 'I give you this mare, you can take her and do with her what you please,' and that he actually took her in pursuance of such a gift, why the mare would be his. If you find that contention to be true, the plaintiff would not be entitled to her."

Mrs. Margaret S. Diehl did not use the language attributed to her.   One of the witnesses for defendant testified that John A. Ellis had used somewhat similar language.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was portion of charge as above, quoting it.

*H. M. Hinckley,* for appellant.

*Wm. Kase West,* for appellee.

OPINION BY PORTER, J., July 13, 1917:

The opening sentences of the argument contained in the brief of the appellant frankly state the real question involved in the single assignment of error in this case. "The court was eminently fair in the trial of the case and in the charge given to the jury. The error complained of' was a mistake by the court and the confusing of the testimony of, one witness for the defendant with that of one for the plaintiff." We have examined the record and testimony in this case and are convinced that the error of the charge of the court in referring to the testimony was entirely inadvertent. The language of the opinion of Chief Justice MITCHELL in Commonwealth v. Razmus, 210 Pa. 609, is peculiarly applicable in this case. "If the judge in referring to the testimony of a witness misquoted it in a material point, his attention should have been called to it at once before the jury retired. A party may not sit silent and take his chances of a verdict and then if it is adverse complain of a matter which, if an error, would have been immediately rectified and made harmless." This principle has been recognized and followed in numerous later decisions, of which it is only necessary to cite Pennsylvania R. R. Co. v. Donora Southern R. R. Co., 219 Pa. 361; Brown v. Sunbury, Etc., Electric St. Ry. Co., 43 Pa. Superior Ct. 61, and Livingston v. Reich, 54 Pa. Superior Ct. 346. There was in the present case no attempt made to call the attention of the court to its inadvertent mistake in referring to the testimony. In such a case the principle established by the decisions above cited is not to be lightly disregarded, when no sufficient excuse for the failure to call the attention of the trial court to the mistake is made to appear. The assignment of error is overruled.

The judgment is affirmed.