STATE OF NEBRASKA, APPELLEE, V. RICHARD F. ARGUELLO,
APPELLANT.

175 N. W. 2d 614

Filed March 20, 1970. No. 37478.

Nelson, Harding, Marchetti, Leonard & Tate and Richard H. Williams, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant was charged with the crime of murder in two counts; in the first count with feloniously, purposely, intentionally, and maliciously, but without deliberation and premeditation, killing Joyce Frieda Arguello and, in the second count, with feloniously, purposely, intentionally, and maliciously, but without deliberation and premeditation, killing Shawn Marie Arguello. Defendant entered a plea of guilty to each count and was sentenced by the court to life imprisonment in the Nebraska Penal and Correctional Complex on each count, the sentences to run concurrently. The defendant has appealed.

The only assignment of error is that the sentences are excessive. The defendant having entered a plea of guilty, there is no evidence pertaining to the circumstances leading to and surrounding the commission of the crime. Before sentence was pronounced, the defendant was examined by one psychologist and two psychia-

trists and his mental condition ascertained. The medical reports were in the hands of the court and defendant's court-appointed attorney. Before the pleas of guilty to second degree murder were accepted, the court meticulously inquired into the voluntariness of the plea and if the effect of such a plea was understood by the defendant. Defendant entered the plea after conference with his attorney. Defendant answered all questions and stated that he understood his rights and the effect of a guilty plea. He also stated that his court-appointed attorney had gone over these matters with him at length and that he was completely satisfied with the services rendered by his attorney.

The record indicates that the victims of the murder were the wife and daughter of the defendant. No mitigating circumstances surrounding the crime were advanced by the defendant or his counsel. We find nothing in the record to support a finding that the sentence imposed was the result of an abuse of discretion on the part of the trial court. Under such circumstances this court will not interfere with the sentence imposed. The applicable rule is: Where a sentence has been imposed by the district court within statutory limits it will not be disturbed in the absence of an abuse of judicial discretion. State v. Whitaker, *ante* p. 57, 173 N. W. 2d 397.

We find no error in the record and the judgment of the district court is affirmed.

AFFIRMED.

WHITE, C. J., not participating.