STATE OF NEBRASKA, APPELLEE, v. ROBERT O. McDONNELL, APPELLANT.
182 N. W. 2d 903

Filed January 22, 1971. No. 37606.

Charles M. Pallesen, Jr., of Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This appeal is from an indeterminate sentence of 6 to 8 years on a conviction of burglary. Defendant assigns as error the failure to grant a speedy trial; failure to insure adequate counsel; the severity of the sentence; errors in the admission of evidence; and the failure to supply the defendant with a complete record of the proceedings. There is no merit in any of the assignments, and we affirm.

Defendant, with two codefendants, was apprehended late the evening of May 21, 1969, inside a store in Merriman, Nebraska. A complaint charging two counts of burglary was filed the next day. Count I involved the store in which defendant was found. Count II involved a machine and welding shop in Valentine, Nebraska. On May 22 defendant was taken to the county court for preliminary examination. He asked for a preliminary hearing and an opportunity to consult with his attorney to determine the date for it. The hearing was set for June 17. At that time defendant, represented by counsel, waived a preliminary hearing and was bound over to the district court. The two persons who were apprehended with the defendant, who were represented by the same counsel as defendant, posted $5,000 bonds, and were released. Defendant was unable to make bond. On September 15, 1969, the district court on its own motion called up the case and was informed that defendant's attorney was ill in a hospital in San An-

tonio, Texas. The court then set an arraignment in district court for October 20, 1969. Defendant's two codefendants failed to appear on October 20 and their bonds were forfeited. The record indicates that they are now serving sentences in a federal prison.

On October 19 defendant talked to his counsel by phone and entered a plea of not guilty to both counts of the information. Trial was set for November 18. On November 17, defendant appeared in court and was advised that his attorney no longer represented him. Defendant requested counsel and the court appointed one for him. Appointed counsel moved for immediate trial and requested a psychiatric evaluation of the defendant. This motion was sustained. Trial was set for December 16, 1969, and the defendant was ordered taken to the Lincoln State Hospital for such evaluation. The evaluation was not ready by December 16, and the trial was continued to January 20, 1970. The psychiatric evaluation was received January 16, 1970. Defendant went to trial 4 days thereafter—January 20, 1970.

Admittedly, 8 months is a long time to wait for trial for a defendant who is not free on bail. The dimensions of the right to speedy trial, however, must be determined largely by the facts and circumstances of each individual case. No general principle fixes the exact time within which a trial must be had to satisfy the requirement of a speedy trial. The right to a speedy trial is necessarily relative. State v. Lee, 185 Neb. 184, 174 N. W. 2d 344. The facts of this case do not support the claim of a denial of speedy trial. Defendant's problem stems from the fact that he was represented by out-of-state counsel who was attempting to negotiate a plea bargain. The delay herein must be charged to the defendant and his counsel and not to the prosecution. It was the district judge who brought this matter to a head in September 1969. When defendant's attorney withdrew, the judge immediately appointed local counsel for the defendant. When counsel was appointed he re-

quested a psychiatric evaluation. The court granted the request and ordered the defendant taken to the Lincoln State Hospital for such evaluation. Within 4 days of the receipt of the evaluation report, the case proceeded to trial. The defendant did not assert this defense in the trial court. What we said in State v. Pilgrim, 182 Neb. 594, 156 N. W. 2d 171, is pertinent herein.

Defendant's second assignment of error alleges the failure of the court to insure that defendant had adequate counsel. Defendant was represented by counsel of his own choice until this counsel withdrew and defendant requested the appointment of counsel. The court immediately appointed counsel upon his request. Defendant admitted before sentencing that he was satisfied with the services of his trial counsel. During the appellate process, defendant discharged his trial counsel, and he is represented herein by other counsel. If defendant was represented by inadequate counsel in the first instance, it was of his own choosing.

Defendant's third assignment of error attacks the severity of the sentence. Defendant admitted that he had three previous felony convictions and two escapes. He also stated he was out on bond on a federal offense on which the other defendants had received sentences of 15 years. At the time of sentencing there were two federal detainers on file. The presentence investigation, which was a part of the proceedings requested by the defendant, would indicate that defendant, who was 41 years of age, had been closely associated with crime from his early incarceration in the Minnesota Boys' Industrial School. The maximum penalty involved herein would be 10 years unless a habitual criminal charge had been filed, in which event the minimum would be 10 years. Defendant was given a maximum sentence of 8 years, and a minimum sentence of 6 years, with the recommendation that he be allowed credit by the Director of the Division of Corrections for the 245 days he

was held in custody previous to his conviction and commitment. If he obeys the rules of the institution he can be released in less than 4 years. We consider this to be a very reasonable sentence in view of the circumstances and defendant's record. In any event, a sentence imposed within the statutory limits will ordinarily not be disturbed in the absence of an abuse of judicial discretion. State v. Arguello, 185 Neb. 351, 175 N. W. 2d 614.

Defendant alleges errors in the admission of certain evidence. Three revolvers were introduced into evidence. One of them was found in a cookie rack near where the defendant was apprehended; one was found behind the counter where the defendants were placed in the store; and one was found where one of the defendants was seen to throw it before he ran back into the store when ordered to stop. All of them were loaded when found. Defendant argues that only an indirect connection can be made with him in case of the revolver found in the cookie rack, and that the introduction of the other two into evidence was prejudicial to him. Defendant also objects to testimony to the effect that the two codefendants were wearing jackets taken from the store. There was testimony that another jacket was found in one of the aisles. Defendant complains that this testimony had no relevancy to his guilt or innocence, and was prejudicial to him. Defendant further complains that the effect of the introduction of evidence pertaining to the burglary of the Valentine Machine Shop for which he was acquitted, as well as other evidence, was an attempt to assassinate his character and was prejudicial to him. There is no merit to this assignment. The evidence pertaining to the burglary for which defendant was convicted was clearly admissible to show that the defendant was present in the store by design with the intent to commit a crime with which he was charged. By virtue of section 28-201, R. R. S. 1943, all persons present aiding and abet-

ting were guilty as principals. The evidence relating to the codefendants was admissible against the defendant. With reference to the evidence pertaining to the Valentine Machine Shop, while defendant was acquitted on that charge the evidence was pertinent to it. However, it could not possibly have been prejudicial to the defendant's case because the jury acquitted him on the count charging that burglary.

Defendant's last assignment of error alleges the failure to supply him with a complete record of his proceedings. He was furnished with a complete transcript of all of the recorded proceedings, at state expense. These proceedings did not include the voir dire examinations nor the opening and closing arguments to the jury, one of which closing arguments was made by the defendant himself, because no request was made that they be recorded. If defendant's counsel had made the request for the record of these proceedings, it would have been granted as a matter of course. Poverty was not the basis for the omissions because they are never included unless specifically requested.

The judgment is affirmed.

AFFIRMED.