STATE OF NEBRASKA, APPELLEE, v. LUGEAN R. MORGAN, JR., APPELLANT.

193 N. W. 2d 742.

Filed January 21, 1972. No. 38095.

Walter J. Matejka and J. Patrick Green, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

Lugean R. Morgan, Jr., was tried and found guilty of breaking and entering a dwelling. He received a penitentiary sentence of 4 to 8 years and this appeal followed.

At approximately 2 a.m., on August 21, 1970, Omaha police officers responded to a burglary-in-progress call and proceeded to 2614 North 33rd Street in Omaha, Nebraska. As one of the police cruisers arrived in an alley behind the house, the officers saw two people near the back door of the house. The couple ran from the back door with police officers in pursuit. Officer O'Connor lost sight of the fleeing man momentarily, but searched at the point where he disappeared, and found the defendant curled up in some weeds and grass. The defendant was found within 50 feet of the back door. Another police officer apprehended a woman in the immediate area immediately thereafter. The back door of the residence was open and the door frame showed signs of forced entry. A stereo record player, a window fan, and records were found in the backyard of the residence. A TV set was found in the open trunk of a Chevrolet car parked in the alley behind the house. All of these items were identified as belonging to Otis Keys, who resided in the house. The car in the alley belonged to an acquaintance of the defendant. The defendant admitted having borrowed the car on some previous occasions, but denied specifically having borrowed it that night. The defendant also admitted knowing the woman who was arrested at the same time he was.

The defendant's testimony was that he was walking down the street when he saw the police cruisers and heard a shot. Upon hearing the shot, he ran from the street and sought cover. The evidence establishes that a shot or shots were fired, but the record is entirely inconclusive as to who fired the shot and whether it occurred before, during, or after the flight of the couple from the back door of the house.

The defendant asserts that the evidence was insuffi-

cient to sustain the finding of guilty beyond a reasonable doubt. We cannot agree. While in some respects the evidence was circumstantial, it established a case almost as damning as if there had been an actual eyewitness to the specific act of burglary.

The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt. State v. Escamilla, *ante* p. 457, 191 N. W. 2d 548; State v. Ortiz, *ante* p. 515, 192 N. W. 2d 151.

While the evidence of the State and the testimony of the defendant were in conflict, the jury resolved those conflicts against the defendant. The question of the guilt or innocence of the defendant was clearly for the jury to determine under proper instructions safeguarding the rights of the defendant. The evidence here is more than sufficient to sustain the jury's finding of guilt.

The defendant also contends that the trial court committed prejudicial error in giving an instruction concerning aiding and abetting. The evidence here was aimed at establishing the defendant's participation as a principal. Even if it be assumed that the instruction as to aiding and abetting was erroneous, it could not have been prejudicial to the defendant. See Wilson v. State, 150 Neb. 436, 34 N. W. 2d 880.

The judgment of the district court was correct and is affirmed.

AFFIRMED.