STATE OF NEBRASKA, APPELLEE, V. EDWARD D. KENNEDY, APPELLANT.
203 N. W. 2d 106
Filed December 20, 1972. No. 38442.

Edward D. Kennedy, pro se.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant, pro se, appeals his conviction on a charge of burglary with explosives. He assigns as error inadequacy of counsel; denial of a speedy trial; insufficiency of the evidence to sustain a conviction; the giving of an instruction on aiding and abetting; suppression of a portion of the bill of exceptions; and the giving of a cautionary instruction on the failure of the defendant to testify. We affirm.

At approximately 1 a. m., April 19, 1971, the police were notified that a citizen had observed some people prowling around a grocery store adjoining his home. The police investigated but found nothing. At about 2:35 a. m., the same morning, the officers again checked the store and found a hat which had not been present before. This excited suspicion and a closer check was made. The defendant was found on the roof of the store. The skylights had been removed and were on the roof. There was a large screwdriver with a wooden handle lying near the skylights. At the time of defendant's arrest on the roof, he gave the police officer a two-way radio. Inspection of the store itself disclosed that doors had been forced and preparation had been made to open the safe. The officers found a large bag or sack with tanks, welding equipment, and a burning bar near the safe, and the space around the safe appeared to be wet. The tanks found in the store contained acetylene gas and oxygen.

We first consider defendant's claim that he was denied a speedy trial. Defendant's preliminary hearing was held May 5, 1971. On that date he was bound over to the district court for trial. The next jury held in Lancaster County after May 5 was from May 10 to May 24.

By May 5, however, cases to be tried to that jury had already been arraigned and those cases were tried during that jury term. The next jury session was September 20 to October 1. The cases to be tried at that session were arraigned on August 25. Appellant's counsel was notified of the date of arraignment but could not be present. Because appellant wanted to wait for his attorney, he was not arraigned and was not tried to that jury panel. Defendant's counsel was notified on October 8 that the case was to be tried on October 11. He again said that he could not be present, and the case was continued until October 14, when the appellant was arraigned. Trial did not actually begin until October 19, although arguments were had on preliminary matters on October 14, 15, and 18.

Defendant is relying primarily on sections 29-1205 to 29-1209, R. S. Supp., 1972, which require an accused to be brought to trial within 6 months from the date the information was filed, or within 6 months of April 30, 1971. It is evident that defendant's trial was held within the 6-month period, so defendant received a speedy trial within the ambit of these provisions. In any event, the delays herein were caused not by the prosecution but by the defense.

Defendant contends that he was denied effective assistance of counsel in his defense. This appears to be predicated on the fact that defendant's counsel had done little on the case between the date of his preliminary hearing, May 5, and October 14. The record is barren of any showing of what might have been done by way of preparation for the trial of the case during that period. The defendant was apprehended on the roof of the building, in possession of incriminating evidence. The record itself shows a vigorous defense by defense counsel during the trial of the case, hampered, however, by defendant's attempt to run his own defense. In State v. Oziah (1971), 186 Neb. 541, 184 N. W. 2d 725, we said: "A claim of error on the ground of in-

effective assistance of counsel must be supported by a record showing that counsel's assistance was so grossly inept as to jeopardize the rights of the defendant and shock the court by its inadequacy." Regardless of what defense counsel may have done between May 5 and October 14, it cannot be denied that he had the time between October 14 and October 19 to make adequate preparations for trial.

Defendant obviously was attempting to run his own defense. He asked the court to discharge counsel because counsel refused to file certain preliminary motions requested by him. He coupled these requests with requests for a continuance to permit him to secure other counsel. In State v. Woods (1968), 182 Neb. 668, 156 N. W. 2d 786, we said: "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed unless it appears that the rights of the defendant were prejudiced thereby." The court did not abuse its discretion herein. An accused is not free to manipulate his right to counsel for the purpose of obstructing orderly procedure or other phases of judicial administration. See State v. Kirby (1971), 187 Neb. 380, 191 N. W. 2d 162. The record herein amply demonstrates that the court did not abuse its discretion in refusing to permit the discharge or withdrawal of defendant's counsel.

Defendant's argument on the insufficiency of the evidence to sustain the charge is predicated on his thought that he was not expressly shown to be connected with the explosives. He suggests that there could have been another burglary attempt that evening, and the burglars with the explosives were scared off. He suggests that he might have been convicted of attempted burglary but not burglary with explosives. Defendant overlooks the fact that if he were ascending or descending, some type of equipment would have been necessary. No such equipment was found, either on

the roof or in the store. All he had with him was the two-way radio and the screwdriver. The jury could reasonably have found that he was stationed on the roof as a lookout for an accomplice who was to use the explosives. While the evidence of defendant's participation in the burglary with explosives is circumstantial, it is adequate to sustain the conviction. When apprehended, the defendant gave an assumed name, and said he was sleeping on the roof. The evidence herein meets the test set out in State v. Morgan (1972), 187 Neb. 706, 193 N. W. 2d 742: "The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilt."

Defendant attacks the giving of an instruction on aiding and abetting. What we have said in the preceding paragraphs amply disposes of this contention. The instruction was given because there was no direct evidence that the defendant had himself entered into the building in question, or had personally attempted to open the safe. The instruction was given for the purpose of informing the jury that the defendant could be guilty of participation even though he had not actually committed the acts but was aiding in their commission. There was no prejudice in the giving of the instruction on aiding and abetting.

Defendant's claim of the suppression of a portion of the bill of exceptions refers to the fact that the record does not include the voir dire examination of the jurors, the opening statements, and the final arguments to the jury. It is not customary for these to be included in a bill of exceptions unless a request is made to the reporter that they be reported and included. No such request was made herein. The praecipe filed for a transcript requests a bill of exceptions "which shall include all of the evidence at the trial and all rulings

thereon." The bill of exceptions does meet that requirement. What we said in State v. McDonnell (1971), 186 Neb. 316, 182 N. W. 2d 903, is applicable herein: "Defendant's last assignment of error alleges the failure to supply him with a complete record of his proceedings. He was furnished with a complete transcript of all of the recorded proceedings, at state expense. These proceedings did not include the voir dire examinations nor the opening and closing arguments to the jury, one of which closing arguments was made by the defendant himself, because no request was made that they be recorded. If defendant's counsel had made the request for the record of these proceedings, it would have been granted as a matter of course. Poverty was not the basis for the omissions because they are never included unless specifically requested." Defendant, after filing a poverty affidavit, was permitted to appeal in forma pauperis.

Defendant's last assignment of error attacks the cautionary instruction on the failure of the defendant to testify. The instruction given is as follows: "You are to draw no conclusions or inferences from the fact that the defendant has not testified in this case, and you are entitled to draw no conclusion or inferences as to his reasons in that regard." Before the giving of the instruction the court informed the defendant and his attorney that such an instruction would be given. Later, the court asked defendant and his counsel if they had any objection to any of the instructions as proposed. No objection was made to this instruction. As we said in State v. Johnson (1972), 188 Neb. 151, 195 N. W. 2d 517: "An instruction that the jury is to make no inferences from the fact a defendant did not testify is a cautionary instruction for the benefit of the defendant."

For the reasons given, the judgment is affirmed.

AFFIRMED.