## Commonwealth *v.* Danzy, Appellant.

Submitted March 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*Ricardo C. Jackson,* for appellant.

*Norris E. Gelman, James T. Ranney* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., September 19, 1973:

This is an appeal from a conviction, after a jury trial, of burglary, aggravated robbery, assault and battery, and aggravated assault and battery. The issue is with respect to the following part of the charge: "A person who comes before the Court has a constitutional right not to give evidence of any kind. They have a constitutional right not to give evidence. You, the jury, have a duty not to hold that against them in any way. A person's right not to give evidence imposes upon you the duty not to draw any inference of any kind whatsoever against a person who is charged before you, because they do not give evidence. . . . You must not under any circumstances consider the fact that a defendant does not give evidence in a case. It is your duty under the law." Appellant asserts that in the absence of any request by him it was error to give this charge.

Rule 1119 of the Rules of Criminal Procedure provides: "(b) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. . . ."

Thus the time for a defendant to decide whether he wants a charge regarding his decision not to testify is before the jury retires. The charge is designed for the protection of the defendant in accordance with the Act of May 23, 1887, P. L. 158, §10, 19 P.S. §631; and so long as the defendant does not object it is not error to give the charge, if, as in the present case, the charge is fairly stated. *Commonwealth v. Thomas*, 429 Pa. 227, 239 A. 2d 354 (1968), *Commonwealth v. Schuster*, 158 Pa. Superior Ct. 164, 44 A. 2d 303 (1945).

We note appellant's argument that some other jurisdictions have chosen a procedure that forbids the charge unless specifically requested by the defendant. However, whether a defendant's silence is regarded as refusing or as granting permission to give the charge, the result is the same: whether the charge is given is the defendant's choice. We shall not invalidate a conviction because a defendant decides after the verdict that he made the wrong choice. *See Commonwealth v. Marlin*, 452 Pa. 380, 305 A. 2d 14 (1973); *Commonwealth v. Razmus*, 210 Pa. 609, 60 A. 264 (1905).

The judgment of sentence of the court below is affirmed.