PEOPLE v ARCHIE SMITH (ON REMAND)

1. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSTITU-
TIONAL LAW—FOURTH AMENDMENT—SHARED APARTMENT—VOL-
UNTARINESS—PLAIN VIEW.

The seizure of three items from a defendant's apartment did not
violate his Fourth Amendment rights, although the police did
not have a search warrant, where the defendant's apartment
was shared with his grandmother and cousin and where the
first item was owned by the grandmother and voluntarily given
by her to police, the second item was located in the cousin's
bedroom and voluntarily given by the cousin to police, and the
third item was in plain view.

2. CRIMINAL LAW—EVIDENCE—FOUNDATION EVIDENCE—INADMISSIBIL-
ITY—INSTRUCTIONS TO JURY—LIMITING INSTRUCTION—REQUEST
—PREJUDICE.

A trial judge's failure to give *sua sponte* a limiting instruction
regarding foundation evidence which had been introduced by
the prosecution in an attempt to admit a certain gun was not
reversible error where, although the gun was ruled inadmissi-
ble, testimony concerning the gun was not necessarily prejudi-
cial; the defendant should have requested a curative instruction
if he wanted one.

3. CRIMINAL LAW—RIGHT TO REMAIN SILENT—INSTRUCTIONS TO JURY
—REQUEST.

A trial court is free to instruct the jury concerning a defendant's
decision not to testify absent a request by defendant that the
instruction not be given.

Appeal from Recorder's Court of Detroit, Rich-
ard D. Dunn, J. Submitted June 13, 1974, at
Detroit. (Docket No. 15822.) Decided April 26,
1976.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 26, 28.

[2] 75 Am Jur 2d, Trial § 651.

[3] 29 Am Jur 2d, Evidence § 638 *et seq.*

Archie M. Smith was convicted of first-degree murder. Defendant appealed. Reversed and remanded, 55 Mich App 184 (1974). The people appealed to the Supreme Court. Remanded to the Court of Appeals, 396 Mich 825 (1976). After consideration on remand, remanded to the trial court.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Thomas A. Ziolkowski,* Assistant Prosecuting Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: J. H. Gillis, P. J., and Allen and P. C. Elliott,* JJ.

J. H. Gillis, P. J. In August, 1974, we reversed defendant's first-degree murder conviction because the trial judge refused to instruct the jury on the possible lesser included offenses of first-degree murder. *People v Smith,* 55 Mich App 184; 222 NW2d 172 (1974). Subsequent to our decision, the Michigan Supreme Court set aside defendant's first-degree murder conviction and ordered entry of a judgment of conviction for second-degree murder. *People v Archie Smith,* 396 Mich 825 (1976). The case was then remanded to this Court for "consideration of defendant's untreated assignments of error".

Defendant first contends that police officers violated his Fourth Amendment rights by engaging in a warrantless search of his apartment. Defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

shared the living quarters with his grandmother and cousin. The grandmother voluntarily turned her own gun over to the police, and the cousin voluntarily turned over clothes, located in her own bedroom, to the police. The record indicates that these actions were totally voluntary, despite the fact that the two women were not informed that they had a right to refuse the police officers' request. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973). The radio seized from the apartment was in plain view.

Defendant also argues that reversal is required because of the trial judge's failure to *sua sponte* give a limiting instruction in regard to foundation evidence introduced in an attempt to admit defendant's grandmother's gun into evidence. We disagree. The trial judge ultimately decided not to admit the gun into evidence; this choice is a matter of his discretion. However, the fact that the gun was ruled inadmissible does not necessarily mean that any testimony concerning the gun was prejudicial. In the instant case, the fact that the gun was similar to the murder weapon arguably was sufficient evidence to have allowed its admission into evidence, *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971), especially in light of the fact that the jury would have been free to disregard the grandmother's testimony that defendant had no access to it. *People v Fuller,* 395 Mich 451; 236 NW2d 58 (1975). If defendant wished a "curative" instruction, he should have requested it. *Cf. People v Stinson,* 58 Mich App 243, 255–256; 227 NW2d 303 (1975).

The trial court is free to instruct the jury concerning defendant's decision not to testify, absent a request by defendant that the instruction not be given. *People v Hampton,* 394 Mich 437; 231

NW2d 654 (1975). Defendant made no such request, we find no error.

Any error in regard to the absence of counsel at defendant's sentencing is rendered moot by the Supreme Court's decision to have defendant resentenced.

This case is remanded to the trial court in accordance with the Supreme Court order. As to the allegations of error, here considered, we affirm.

Judge ELLIOTT did not participate in the remand.