Dennis Lee DAELLENBACH, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 4567.

Supreme Court of Wyoming.

April 1, 1977.

Cary R. Alburn III, Laramie, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., Frank R. Chapman, Asst. Atty. Gen., and Steve D. Noecker, Legal Intern, Cheyenne, and Kennard Nelson, Deputy County and Prosecuting Atty., Albany County, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

Dennis Lee Daellenbach was convicted by an Albany County District Court jury of aggravated robbery under § 6–66, W.S. 1957, and sentenced to a period of not less than six nor more than seven years in the Wyoming State Penitentiary. From that conviction and sentence he has prosecuted this appeal.

On February 21, 1975, Daellenbach and one Steven W. Franklin were arrested in connection with the armed robbery of a Mini-Mart grocery store in Laramie, Wyoming. At trial, Franklin, who had previously pleaded guilty to a charge of aggravated robbery and was awaiting sentence, testified that it was Daellenbach who originally armed himself and entered the store intending to rob it. After approximately ten minutes, Daellenbach returned saying he couldn't do it. Franklin related that he then entered the store, armed with a revolver, and demanded and received some money bags. A short time later, while driving east on Interstate 80, Daellenbach and Franklin were stopped and arrested by the Wyoming Highway Patrol. Two revolvers and a portion of the stolen money were recovered from Franklin's car.

On appeal, Daellenbach raises five points of error:

I. The district court improperly instructed the jury to disregard the fact that the defendant, Daellenbach, did not testify.

II. The district court improperly prejudiced Daellenbach by admitting numerous items of evidence that were either unrelated to him or connected with him by only the most tenuous thread.

III. The district court improperly denied without a hearing Daellenbach's motion for new trial.

IV. The prosecution failed to prove beyond a reasonable doubt all the essential elements of aggravated battery.

V. The sentence imposed is excessive.

We will affirm the judgment and sentence of the trial court.

I

Daellenbach's initial point of error urges that the district court's instruction to the jury to disregard the fact that he did not testify constituted improper comment on an accused's constitutional right to remain silent.[1] Since the record indicates no objection was made to the instruction, our only avenue of review is within the doctrine of plain error. Rule 51, W.R.C.P., Rule 49(b), W.R.Cr.P., and *Hays v. State,* Wyo., 522 P.2d 1004, 1007.

In order for an alleged error to fall within this doctrine, specific minimum criteria must be met. It must be clear from the record, without resort to speculation or equivocal reference, exactly what occurred at trial. The proponent of the doctrine must demonstrate the existence of a clear and unequivocal rule of law; and the particular facts of the case must clearly and obviously, not just arguably, transgress that rule. Finally, once these criteria have been met, it must be shown that some substantial right of the accused has been adversely affected. These criteria apply even when constitutional error is alleged; and unless each one of them is satisfied, any claim for review under the plain-error doctrine must fail. *Hampton v. State,* Wyo., 558 P.2d 504, 507–508.

When measured by these criteria, it is clear Daellenbach's assertion of instructional error is doomed. There is no clear rule of law which states that the giving of a jury instruction to disregard and draw no inference from a defendant's failure to testify is error. Quite to the contrary, there is substantial authority for the proposition that even if unrequested, the giving of such a cautionary instruction is proper. Annot. 18 A.L.R.3d 1335; *United States v. Epperson,* 9 Cir., 485 F.2d 514; *Hanks v. United States,* 10 Cir., 388 F.2d 171, *cert. den.* 393 U.S. 863, 89 S.Ct. 144, 21 L.Ed.2d 131, *reh. den.* 393 U.S. 947, 89 S.Ct. 304, 21 L.Ed.2d 287; *People v. Smith,* 68 Mich.App. 527, 243

N.W.2d 677; *State v. Alston,* 27 N.C.App. 11, 217 S.E.2d 207; *Lloyd v. State,* Fla.App., 218 So.2d 490; *Commonwealth v. Danzy,* 225 Pa.Super. 234, 310 A.2d 291; *State v. White,* Me., 285 A.2d 832; *Commonwealth v. Sullivan,* 354 Mass. 598, 239 N.E.2d 5, *cert. den.* 393 U.S. 1056, 89 S.Ct. 697, 21 L.Ed.2d 698; *State v. Kennedy,* 189 Neb. 423, 203 N.W.2d 106; *State v. Garcia,* 84 N.M. 519, 505 P.2d 862; and *State v. Marmon,* N.D., 154 N.W.2d 55. Such authority weighs even more heavily here where the instruction now objected to is the exact one proposed by defendant.

An appellant cannot complain of an error which he himself invites. It was said in *State v. Shon,* 47 Haw. 158, 178, 385 P.2d 830, 841:

".... A party may not complain on appeal of error in instructions to the jury which he has invited or agreed to. . . . "

It was said in *Tamplin v. State,* 235 Ga. 20, 25, 218 S.E.2d 779, 783:

"A defendant is not permitted to obtain reversal based upon an instruction to the jury given at the request of the defendant. . . . Induced error is impermissible. . . . "

Similarly, the court held in *United States v. Wiggins,* 174 U.S.App.D.C. 166, 168, 530 F.2d 1018, 1020, rehearing denied:

"At the trial below appellant's counsel stated that 'our defense was alibi' and 'the only special instruction I would ask for would be the alibi instruction.' Then when the charge, including the standard alibi instruction, was read to the jury appellant's counsel did not object, but instead stated that he was '[s]atisfied.' Clearly, appellant is now precluded from assigning as error an instruction which his counsel specifically requested and approved . . . . Moreover, an invited error generally does not require reversal, i.e., appellant cannot now com-

---

1. The instruction given was:

"The Court instructs the jury that the fact that the Defendant has not been called as a witness to testify in this case cannot be considered by you for any purpose, and you are instructed that you will not, in your deliberations, consider the fact of his not so testifying for any purpose in arriving at your verdict."

plain that the court gave an instruction which he requested."

Courts are almost unanimous in support of the invited-error rule.

Without the springboard of plain error, a review of the constitutional propriety of the court's instruction is precluded.

## II

■ Daellenbach's assertion that he was prejudiced before the jury by admission of an accumulation of irrelevant evidence is of little substance. The materiality or relevance, cumulative nature of proffered evidence, as well as its admission, reside within the sound discretion of the trial court. Absent a clear showing of abuse of this discretion, the trial court's decision will not be disturbed. *Buckles v. State,* Wyo., 500 P.2d 518, 523; *United States v. Twilligear,* 10 Cir., 460 F.2d 79, 81; and 2 Wharton's Criminal Evidence § 408, 13th Ed. Daellenbach has made no such showing of abuse here. The questioned evidence was simply part and parcel of the proof and corroboration of the prosecution's case and under such circumstances its admission was not error.

## III

Daellenbach's third assignment of error also questions a discretionary decision of the trial judge. He asserts it was error for the trial judge to deny his motion for new trial without first holding a hearing. The motion was based on an affidavit by Franklin in which he purported to recant his testimony at trial implicating Daellenbach.

■ The granting or denying of a motion for new trial based on newly-discovered evidence is a choice clearly within the sound discretion of the trial court and shall not be the basis for the reversal of a conviction unless an abuse of discretion is affirmatively shown. *Opie v. State,* Wyo., 422

P.2d 84, 85; *Ballinger v. State,* Wyo., 437 P.2d 305, 307; and *State v. Scott,* 113 Ariz. 423, 555 P.2d 1117, 1120. We can find no abuse of discretion here. The trial judge had been involved with this case from its inception, having presided at the arraignment as well as the trial and sentencing. With this background and familiarity with the case as a whole, he was in the best position to determine the credibility of the recanting evidence and the necessity of a hearing. We do not perceive an abuse of discretion.

## IV

■ Daellenbach's forth argument alleges that the state failed to prove an essential element of the crime of robbery, i.e., fear[2], since the victim, the store manager, did not affirmatively testify that he was placed in fear. Such an argument is untenable. Although placing the victim in fear is one of the essential elements of robbery, *actual fear* need not be shown. See 67 Am.Jur.2d, Robbery, § 21, "Actual force or violence," p. 43, where it is said:

"Although actual force, as distinguished from constructive force, implies personal violence, the degree of force used is immaterial, so long as it is sufficient to compel the victim to part with his property. Any struggle to obtain the property, any injury to the victim, or any resistance on his part that requires greater counter-attack to effect the taking, is ordinarily regarded as sufficient to satisfy the requirement. The same is true if the force used, *although insufficient actually to frighten the victim,* surprises him into yielding. . . . 'Threats of violence,' as such, do not constitute an element of first-degree robbery, though they may be evidence of intimidation or putting in fear."

See also, 77 C.J.S. Robbery § 16, p. 459; and 2 Wharton's Criminal Law and Procedure, § 557, pp. 260–261.

2. The statute provides:

"Whoever forcibly and feloniously takes from the person or possession of another any property of value, by violence or by putting in fear, when a firearm or other deadly weapon is used or exhibited in the commission of the offense, is guilty of aggravated robbery and shall be imprisoned in the penitentiary for not less than five years nor more than fifty years."

Thus, in circumstances as occurred here, specific and direct proof of fear was not needed. The placing of a gun on the shoulder of the store manager could hardly be anything less then a sufficient circumstance to place him in fear. His compliance with Franklin's order to back up indicated a fear of the consequences of failure to do so. To conclude that a person would experience no fear when suddenly confronted with a gun in the grasp of a robber is contrary to the universal experience of all mankind. *State v. Ray,* Mo., 354 S.W.2d 840. The element "in fear," as contemplated by the statute, has been fulfilled.

## V

Finally, Daellenbach asserts that notwithstanding the disposition of any of the prior issues, the sentence imposed upon him was excessive, being greater than the sentence imposed upon Franklin who pleaded guilty to the same charge. Daellenbach was sentenced to from six to seven years in the penitentiary, while Franklin received a term of from five to five and one-half years. Such a disparity, asserts Daellenbach, raises the specter of punishing an accused for exercising his right to trial and, therefore, a reassessment of the sentence is required.

We do not agree. As a general rule, the sentencing judge has wide discretion in determining the length of term of imprisonment to be imposed upon the defendant; and this discretionary decision is subject to appellate review only when shown to be clearly abusive. *Jaramillo v. State,* Wyo., 517 P.2d 490, 492; *Bentley v. State,* Wyo., 502 P.2d 203, 209. Daellenbach has not made such a showing. As allowed, and possibly even required when not waived, the trial judge here ordered a presentence report on Daellenbach in order to be apprised of the circumstances surrounding the defendant's participation in the crime, both mitigating as well as aggravating. *Cavanagh v. State,* Wyo., 505 P.2d 311, 312. With these factors in mind, the existence of a difference in the terms of imprisonment for co-perpetrators of a crime by itself does not clearly show an abuse of discretion. We perceive no abuse.

The judgment and sentence imposed are affirmed.

Affirmed.