Gary ELAM, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4863.

Supreme Court of Wyoming.

June 1, 1978.

Stanley S. Sheehan, Gillette, and George Briggs, Pawhuska, Okl., for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Sharon A. Fitzgerald, Legal Intern, Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

■ Appellant was charged with the crime of first degree murder in the District Court of Campbell County, Wyoming. The jury returned a verdict of involuntary manslaughter under the first degree murder charge. The sole question presented, as it appears in appellant's brief, is as follows:

"The Court erred in refusing to give proffered instruction concerning testimony of character witnesses, denying to defendant a substantial right to a fair trial."

We cannot reach this proposition. Although the record reveals the offer of such instruction, it is silent as to any objection by counsel to the trial judge's refusal to give it. Under our well-established rule, we cannot consider such contention unless the failure to give such instruction was plain or fundamental error, *Dorador v. State*, Wyo., 573 P.2d 839, 842–843; *Leitel v. State*, Wyo., 579 P.2d 421 (1978). This rule has been reiterated a sufficient number of times that there should be no lawyer appearing in a criminal proceeding in our courts who is unaware of it.

Because of the unique character of appellant's brief and this court's complete disapproval thereof, we will set out verbatim the argument and authorities presented to us in support of this appeal:

"PROPOSITION: The Court erred in refusing to give proffered instruction concerning testimony of character witnesses, denying to defendant a substantial right to a fair trial.

"The defendant, Gary Elam, in his defense introduced the testimony of three character witnesses who testified that the reputation of the defendant as a peaceful and law abiding citizen, and as a man of truth and veracity was good. This testimony is the testimony of George Ratcliff

(CM 368–371); Edward Stuber (CM 371–375); and Floyd Mercer (CM 375–379) and comes at the close of the case.

"This evidence was properly introduced and properly received. Defendant requested the Court to give an instruction as to how the jury should consider this evidence. Defendant's instruction was refused and is assigned as error in this cause.

"23A C.J.S. [Criminal Law] § 1208 states the fundamental rule succinctly as:

> 'Accused on request is entitled to appropriate instructions where he has placed his character in issue and there is evidence as to his good character.' (citing cases)

"and § 1209 states:

> 'an instruction as to character should fully and clearly instruct the jury as to the law governing the effect which they may give to the evidence of previous good character.' (cases cited).

"and § 1210:

> 'The jury should be instructed that good character is a circumstance to be considered in connection with all the other evidence in determining the guilt or innocence of accused.' (cases cited therein).

"A proper instruction fully and ocmplete-ly [sic] setting forth the law with reference to have the jury weigh this evidence was submitted by defendant, but was not given. The jury has no guide from the court as to what value and consideration to give this evidence.

"The instant case is one of first impression in the State of Wyoming as there seems to be no cases touching upon this question. The overwhelming weight of other jurisdictions, both State and Federal, as collated in C.J.S. would seem to require the reversal in this cause."

This is insufficient briefing and was submitted without argument. This reveals no claim or argument of prejudicial error, nor is there any suggestion made of plain or fundamental error, and particularly no authorities are cited to sustain such a position.

 The failure to give this instruction does not fall within the standard of plain error, nor does defendant sustain his burden to demonstrate the existence of such error, *Daellenbach v. State*, Wyo., 562 P.2d 679, 681.

The judgment is affirmed.