Maniford BOGGS, a/k/a Mike Boggs, Appellant (Defendant below),

v.

The STATE of Wyoming, Appellee (Plaintiff below).

No. 4934.

Supreme Court of Wyoming.

Jan. 18, 1979.

Gerald M. Gallivan, Director (argued), and Mark L. Hughes, Student Intern, Wyoming Defender Aid Program, Laramie, Wyo., for appellant.

John J. Rooney, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Allen C. Johnson, Asst. Atty. Gen., and Lindsay D. Hooper,

Legal Intern (argued), Cheyenne, Wyo., for appellee.

Before RAPER, C. J., and McCLIN-TOCK, THOMAS, ROSE and GUTHRIE, Retired *, JJ.

RAPER, Chief Justice.

The appellant-defendant appeals from a judgment and sentence of the district court finding him guilty of knowingly taking immodest, immoral, and indecent liberties with a female child of the age of ten years, in violation of § 14–28, W.S.1957 (§ 14–3–105, W.S.1977). The trial was conducted before the court without a jury. The issue presented here is:

"The court erred when it sustained the prosecution's objection to an offer of proof propounded by the defendant as the testimony was relevant and probative in that it contradicted [the complaining witness'] direct testimony." (Bracketed material substituted.)

We will affirm.

The minor child testified to several incidents of sexual contact between herself and the defendant. The incidents came to light when the minor child's brother broached the subject in an argument between the two children, overheard by their mother. The brother stated in the argument he was tired of keeping his mouth shut about the defendant trying to get his sister pregnant. At trial the brother testified to witnessing an incident of sexual contact between defendant and his sister on an occasion previous to the one for which defendant was charged. After overhearing the argument, the mother questioned her daughter, and she revealed to her mother the incidents of sexual contact with the defendant. The mother testified at trial about these revelations.

During her testimony, the minor child was asked if the defendant's penis was "hard" and she responded, "Yes." Cross-

examination about her knowledge of male genitals disclosed her knowledge in that regard to be extremely limited.

The defendant testified in his own defense and denied generally that any of the alleged incidents had ever taken place. He indicated that he had sexual intercourse with his adult woman friend on the might before and again on the morning of the date of the offense charged, but made no mention of a problem of impotency or incapacity after engaging in sexual relations.

An offer was made of evidence that his woman friend would testify, in her experience, defendant could achieve an erection only after forty-five minutes or more of foreplay and that, after having had sexual intercourse, he could not again achieve an erection for from ten to twenty-four hours. This evidence was offered to show that the minor child was mistaken or lied when she testified that defendant's penis was hard. The trial judge refused to consider the offered evidence stating that it lacked probative value. Defendant alleges error in rejection of the offered proof.

■ A trial court's ruling on the admissibility of evidence will be disturbed on appeal only for clear abuse, and an appellant has the burden of demonstrating to this court wherein the refusal to admit evidence constitutes abuse. *Peterson v. State*, Wyo.1978, 586 P.2d 144, 154; *Daellenbach v. State*, Wyo.1977, 562 P.2d 679, 682. Defendant has presented no authority or cogent argument to demonstrate an abuse under the circumstances. Various questions about the offered evidence are raised by defendant and the State. Was it relevant? Did it go to a collateral matter? Did it tend to disprove something the minor child testified to? We do not deal with these questions because, in this setting, it proved nothing that could be said to be pertinent to the issues of this case or the testimony of the minor child. It was not competent for any purpose. We do find a persuasive parallel in *Phillips v. State*,

---

* At the time of oral argument, while this case was under advisement and at the time a decision was reached, Guthrie, J., was Chief Justice. He retired from the court on December 31, 1978. By order of the court, entered on

January 1, 1979, he has been retained in active judicial service pursuant to § 5, Art. V, Wyoming Constitution and § 5–1–106(f), W.S.1977. Rooney, J., did not participate.

Tenn.Cr.App.1972, 480 S.W.2d 361, 365–366, where the court held it was not error to refuse the defendant's wife's testimony as to his impotency during the time frame of the offense charged. We paraphrase from that case to make our point. The difficulty with defendant's insistence here is that there is no evidence in this record that he was impotent at the time under consideration. He did not testify that he was impotent or incapable of normal performance of the sexual act or that he had ever been so incapacitated. The woman friend's offered testimony was simply to the effect that *in her experience* defendant had difficulty achieving an erection after engaging in sexual intercourse. This does not mean that he suffered from general impotency rendering him incapable of achieving an erection with other females or that the woman friend's experience would carry over to that with the victim, a minor child. In this situation, the trial judge did not commit error in declining to permit the defendant's friend to testify in response to the proposed questioning. See also cases cited in Annot., Rape—Impotency as Defense, 23 A.L.R.3d 1351 (1969), § 14.

Affirmed.