Robert Dean WUNDER,
Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 85–14.

Supreme Court of Wyoming.

Aug. 27, 1985.

Leonard D. Munker, Public Defender, Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, and Stephen J. Politi, Defender Aid Program, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Patrick J. Crank, Legal Intern, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

This appeal is from a judgment and sentence imposed on appellant after a jury found him guilty of taking indecent liberties with a five-year-old child in violation of § 14-3-105, W.S.1977. Appellant contends that the court erred in submitting his confession to the jury because it was not voluntary and was not obtained legally.

We affirm.

In the course of investigating this crime, Detective Lieutenant Billy Janes of the Torrington Police Department contacted appellant at his apartment. Janes immediately advised appellant of his constitutional rights in accordance with the holding in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, reh. denied 385 U.S. 890, 87 S.Ct. 11, 17 L.Ed.2d 121 (1966). He testified that he read the same from a card and asked appellant after each clause if he understood it, to which appellant said he did. He then interviewed appellant concerning the incident, and appellant acknowledged his involvement in it. Appellant's wife was present at the time and she testified that Janes read from the card and that appellant acknowledged that he understood. Thereafter, Janes signed a complaint against appellant and a summons was issued for appellant's appearance before the justice of the peace for preliminary proceedings.

■ Before that required by *Miranda v. Arizona,* supra, becomes necessary, the person interviewed must be subject to *custodial* interrogation. *Brown v. State,* Wyo., 661 P.2d 1024 (1983); *Auclair v. State,* Wyo., 660 P.2d 1156, cert. denied — U.S. —, 104 S.Ct. 265, 78 L.Ed.2d 249 (1983). As said in *Miranda v. Arizona,* supra, 86 S.Ct. at 1612:

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way."

The United States Supreme Court further defined the test for "taken into custody or otherwise deprived of his freedom of action" in *Berkemer v. McCarty,* — U.S. —, 104 S.Ct. 3138, 3151-3152, 82 L.Ed.2d 317 (1984):

"Turning to the case before us, we find nothing in the record that indicates that respondent should have been given *Miranda* warnings at any point prior to the time Trooper Williams placed him under arrest. For the reasons indicated above, we reject the contention that the initial stop of respondent's car, by itself, rendered him 'in custody.' And respondent has failed to demonstrate that, at any time between the initial stop and the arrest, he was subjected to restraints comparable to those associated with a formal arrest. Only a short period of time elapsed between the stop and the arrest. At no point during that interval was respondent informed that his detention would not be temporary. Although Trooper Williams apparently decided as soon as respondent stepped out of his car that respondent would be taken into custody and charged with a traffic offense, Williams never communicated his intention to respondent. A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; *the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation. * * *"* (Footnotes omitted and emphasis added.)

In a footnote to the foregoing, the Court said:

"Cf. *Beckwith v. United States*, 425 U.S. 341, 346–347, 96 S.Ct. 1612, 1616–1617, 48 L.Ed.2d 1 (1976) (' "It was the compulsive aspect of custodial interrogation, and not the strength or content of the government's suspicions at the time the questioning was conducted, which led the Court to impose the *Miranda* requirements with regard to custodial questioning" ') (quoting *United States v. Caiello*, 420 F.2d 471, 473 (CA2 1969) ); *People v. P.*, 21 N.Y.2d 1, 9–10, 286 N.Y.S.2d 225, 232, 233 N.E.2d 255, 260 (1967) (an objective, reasonable-man test is appropriate because, unlike a subjective test, it 'is not solely dependent either on the self-serving declarations of the police officers or the defendant nor does it place upon the police the burden of anticipating the frailties or idiosyncracies of every person whom they question')." Fn. 35, 104 S.Ct. at 3152.

And in *Shaffer v. State*, Wyo., 640 P.2d 88, 97, 31 A.L.R.4th 166 (1982), we said:

" * * * One is not in custody of police unless it can be fairly said that his freedom of movement has been involuntarily curtailed by force or immediate threat of force from the police. * * * "

See *Parkhurst v. State*, Wyo., 628 P.2d 1369, cert. denied 454 U.S. 899, 102 S.Ct. 402, 70 L.Ed.2d 216 (1981); *Sanville v. State*, Wyo., 553 P.2d 1386 (1976); *Rodarte v. City of Riverton*, Wyo., 552 P.2d 1245 (1976).

■ In this case, Janes advised appellant, before asking him any questions, that he "would not be arresting him, that he was not under arrest, and that I was not going to arrest him at that time." The interview was had at appellant's apartment in the presence of appellant's wife. It took fifteen to twenty minutes. Appellant was not then arrested. The interview was on April 26, 1984. Janes signed the complaint on May 4, 1984. An arrest warrant was not issued. Rather, a summons was issued directing appellant to appear on May 14, 1984 to answer the complaint.

It cannot be said that, at the time of the interview, appellant's freedom of movement was involuntarily curtailed by the police in any way. A reasonable man in appellant's position would not have considered himself to have been in police custody.

■ Inasmuch as appellant was not in custody when the confession was made, appellant's argument relative to lack of advice by Janes as required by *Miranda v. Arizona*, supra, and appellant's argument relative to the lack of intellectual capacity on the part of appellant to understand such advice are irrelevant. In passing, however, we note that the advice was sufficient under *Miranda v. Arizona*, supra, and that the court had before it, in the report of the Wyoming State Hospital, sufficient evidence to find that any waiver was made

knowingly and intelligently considering the background, experience and conduct of appellant. *Mayer v. State*, Wyo., 618 P.2d 127 (1980); *North Carolina v. Butler*, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979).

The report concluded that appellant had the intellectual abilities to allow him to stand trial and to distinguish right from wrong. The report reflected that his

> "working vocabulary, comprehension and general fund of information is adequate for appropriate communication. He sometimes has difficulty in naming things or finding the right words but this [is] relatively minor. He expresses ideas and concepts without elaboration in a relatively concrete way,"

and that appellant's verbal comprehension and expression were his strongest points.

Finally, appellant contends that the confession should have been subjected to a predetermination as to its voluntariness. See *Dodge v. State*, Wyo., 562 P.2d 303 (1977); *Lonquest v. State*, Wyo., 495 P.2d 575, cert. denied 409 U.S. 1006, 93 S.Ct. 432, 34 L.Ed.2d 299 (1972). Since appellant did not make a request for such predetermination or bring the matter to the attention of the court by objection or otherwise [1], reversible error in this respect would have to be plain error. Rule 49(b), W.R.Cr.P., and Rule 7.05, W.R.A.P., provide:

> "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

We have established the following test for plain error: (1) The record must clearly show what occurred at trial; (2) a clear and unequivocal rule of law must have been violated; and (3) some substantial right of the appellant must have been adversely affected. *Jahnke v. State*, Wyo., 692 P.2d 911 (1984); *Browder v. State*, Wyo., 639

P.2d 889 (1982); *Daellenbach v. State*, Wyo., 562 P.2d 679 (1977).

We have already noted that the only substantial right of the appellant which could have been adversely affected was not so affected inasmuch as the confession was not made during custodial detention and was made voluntarily after the appellant had been advised pursuant to *Miranda v. Arizona*, supra.

Affirmed.

---

**1.** At trial and during direct examination of witness Janes, appellant requested permission to voir dire him for the purpose of determining if appellant had requested to see an attorney during Janes' interview of him. The court denied the request and directed that such could be asked on cross-examination. It was asked, and Janes testified that appellant did not make such request.