STATE OF NEBRASKA, APPELLEE, V. PAUL SKINNER, APPELLANT.

203 N. W. 2d 161

Filed January 5, 1973.   No. 38530.

Leroy Shuster, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

The defendant was charged with assault with intent to inflict great bodily injury and with possession of a firearm by a felon.   The jury found the defendant not guilty of assault but guilty on the second count.   The defendant appeals, contending that the trial court erred in the admission of evidence and that section 28-1011.15, R. S. Supp., 1972, is invalid.

The record shows that on December 24, 1971, the defendant shot Charles F. Runninghawk, Jr., with a 4-inch, .22 automatic pistol.   The record also shows that the defendant was convicted of a felony on August 11, 1965.

Over proper objection, Runninghawk was permitted to testify that a doctor and nurse told him he had a gunshot wound.   Runninghawk had already testified that he had been shot and other witnesses testified to the fact.   The evidence related to the count upon which the defendant was acquitted and could not have been prejudicial.   See State v. McDonnell, 186 Neb. 316, 182 N. W. 2d 903.

The defendant's second contention is that section 28-1011.15, R. S. Supp., 1972, which prohibits any person who has been convicted of a felony from having possession of a firearm with a barrel less than 12 inches in length, violates the Second Amendment to the United States Constitution. The Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State the right of the people to keep and bear Arms, shall not be infringed."

The right to keep and bear arms, which is guaranteed by the Second Amendment, has relationship to the preservation or efficiency of a well-regulated militia. United States v. Miller, 307 U. S. 174, 59 S. Ct. 816, 83 L. Ed. 1206. The Omnibus Crime Control and Safe Streets Act of 1968, which prohibits possession "in interstate commerce" of any firearm by a felon, has been held not to violate the Second Amendment. United States v. Synnes, 438 F. 2d 764, vacated on other grounds in Synnes v. United States, 404 U. S. 1009, 92 S. Ct. 687, 30 L. Ed. 2d 657. As stated in the Synnes case, prohibiting the possession of firearms by felons does not obstruct the maintenance of a well-regulated militia. See, also, Burton v. Sills, 53 N. J. 86, 248 A. 2d 521, 28 A. L. R. 3d 829. The defendant's contention is without merit.

The judgment of the district court is affirmed.

AFFIRMED.