STATE OF NEBRASKA, APPELLEE, v. WILLIE BROOKS HAYNES, APPELLANT.

222 N. W. 2d 358

Filed October 17, 1974. No. 39377.

Lawrence I. Batt, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant appeals his conviction for the offense of a felon in possession of a firearm. He predicates his appeal on five issues: (1) The alleged unconstitutionality of the statute, section 28-1011.15, R. S. Supp., 1972; (2) the submission to the jury of his status as a felon; (3) ineffective assistance of counsel; (4) the illegality of his initial detention; and (5) the insufficiency of the evidence. We affirm.

During the evening of May 21, 1973, three Omaha police officers, cruising in the area of Twenty-fourth and Erskine Streets, observed eight people congregated near the intersection. The officers recognized some of the parties from past arrests. Two of them got out of the vehicle and approached the group while the third officer, Gary Bolen, proceeded to park the car. As he got out of the vehicle he noticed two parties walking to the south away from the others. One of them turned a corner and started walking west on Erskine Street. Bolen called out to him that he was a police officer and wished to talk to him. The individual quickened his pace. The officer did likewise, called to him again, and after another 20 feet the individual stopped beside a trash can. The officer observed the individual who he later recognized as the defendant, remove a shiny object from his under shirt. He heard a loud thud when the object went into the trash can. He took the defendant to another officer and went back to check the trash can, where he found a loaded 22-caliber revolver. Officer Bolen subsequently ran a check on the gun and found that it was registered to one Eddie Walker of Omaha. The evidence would indicate that Eddie Walker was at

Twenty-fourth and Erskine Streets on the evening in question.

Defendant denied possession of the firearm. He testified he went to Twenty-fourth and Erskine Streets that evening to pick up his sister at a lounge at that location; he walked away from the crowd because he did not have any identification on him; and he was on parole and one of its conditions was to have identification on him at all times, and another was to stay away from the area of Twenty-fourth and Erskine Streets.

The statute which defendant claims is unconstitutional on its face for overbreadth is as follows: "It shall be unlawful for any person who has been convicted of a felony, or who is a fugitive from justice, to possess any firearm with a barrel less than twelve inches in length, or brass or iron knuckles. Such felony conviction may have been had in any court of the United States, the several states, territories, or possessions, or the District of Columbia."

Defendant admits the intent of the Legislature and the terms of the statute itself are basically clear and unambiguous, but argues this intent is not constitutionally acceptable. He argues: "The possession of a hand gun, even by a felon, is not an act which is *malum in se.* Rather, such possession is *malum prohibitum* and therefore governed by considerations of reasonableness." We assume defendant is arguing the statute is unconstitutionally overbroad because it includes felons whose prior offenses did not involve the use of firearms.

A federal law, 18 U. S. C. A., § 922 (g), provides: "(g) It shall be unlawful for any person—

"(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; * * * to ship or transport any firearm or ammunition in interstate or foreign commerce."

This statute was challenged in United States v. Weatherford (7th Cir., 1972), 471 F. 2d 47, on the ground

that it creates an illegal classification of citizens. Weatherford challenged the constitutionality of the alleged wide disparity between the states on the severity of punishment for essentially the same criminal act. For instance, what might be a misdemeanor in New York could be a felony in Louisiana. The court, in upholding the constitutionality of the statute, said: "It seems crystal clear that the purpose of Congress in enacting this legislation was to eliminate firearms from the hands of criminals, while interfering as little as possible with the law abiding citizen."

In State v. Skinner (1973), 189 Neb. 457, 203 N. W. 2d 161, we held the statute in question constitutional against a challenge of violation of the Second Amendment to the United States Constitution.

It is well established that all reasonable intendments must be indulged to support the constitutionality of legislative acts, including classifications adopted by the Legislature. If the classification of persons singled out by the legislation is reasonable and not arbitrary, and is based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved, it meets the constitutional test of equal protection.

This legislation is specifically limited to convicted felons who by past conduct have demonstrated little regard for the rights of others. The classification created is not only reasonable and practicable but also necessary for the protection of society.

Defendant next assigns as error the submission to the jury of his status as a convicted felon. He argues that the issue of possession of the gun should have been submitted to the jury prior to and apart from the issue of his status as a felon. There is obviously no merit to defendant's contention. His status as a felon was an essential element of the crime. Without evidence of a prior conviction of a felony, there can be no conviction under section 28-1011.15, R. S. Supp., 1972. No evidence

was adduced herein on defendant's two previous felonies because the defendant stipulated that he had been convicted of a felony.

Defendant, who is represented by other counsel on this appeal, alleges that he was denied his constitutional right to effective assistance of counsel in his trial. To sustain this position, using after-trial vision, defendant claims trial counsel: (1) Did not file a motion to require the State to allege which felony it was using as a basis for his prosecution; (2) offered no objection to the introduction of the revolver into evidence; (3) made no challenge as to the probable cause for an arrest or the reasonableness of the detention of defendant; (4) acquiesced in the deprivation of defendant's rights to have process to compel the attendance of witnesses in his behalf; and (5) did not sufficiently cross-examine officer Bolen, the chief prosecution witness.

There is no merit to this assignment. Defendant did not deny that he was a convicted felon. He admitted two previous felony convictions. Trial counsel, undoubtedly as a part of trial strategy to minimize the effect of defendant's record, thought it best not to spread the details of the previous convictions on the record.

Defendant's trial counsel did object to the introduction of the revolver in evidence, contending that no proper and sufficient foundation had been laid for its introduction. While defendant denied that he had ever been in possession of it, the evidence supporting its production was certainly sufficient to raise a jury question.

A review of the record herein indicates that defense counsel vigorously tried to protect the interests of the defendant. Defendant concedes his trial counsel was vigorous at times. We have never seen a criminal record which subsequent counsel could not criticize in some particular. We cannot say that defendant's trial counsel did not perform at least as well as a lawyer with ordinary training and skill in the criminal law, or that he did not conscientiously protect his client's interest.

On the record, we find the defendant had effective assistance of counsel.

Defendant assigns as error his counsel's failure to move for a continuance in order to secure the attendance of two witnesses. The record indicates the jury was picked on Tuesday, the trial was in recess on Wednesday, and commenced on Thursday, November 1, 1973. The trial was set for 9 a.m. on November 1, but the defendant did not appear until 10:15. The subpoenas for the two witnesses were issued Thursday morning, but the sheriff was unable to locate them. Defense counsel advised the court he had been assured the witnesses would be there, which was the reason he did not issue the subpoenas until it became obvious that they were not going to be present.

The court inquired what the proposed witnesses would testify to. He was informed that their testimony would be the same as that of the defendant's witness, Shaw. The only difference was that defendant's witness Shaw had a previous conviction for a felony, whereas the two witnesses who had not appeared had no felony convictions. The court then recessed the trial until 2:15 that afternoon. From the record it is apparent that any further requests for continuances would have been ineffectual. In Phillips v. State (1953), 157 Neb. 419, 59 N. W. 2d 598, we held: "An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed unless it appears that the rights of the defendant were prejudiced thereby." The absent witnesses would have testified defendant did not have a revolver when he left his home. The testimony was at most cumulative. The witnesses were friends of the defendant. He elected to rely on their promise to appear. We cannot say that counsel can be criticized as ineffectual on this record.

Defendant asserts the illegality of his initial detention. The questions involved are whether the officer's action was justified at its inception, and whether it was reason-

ably related in scope to the circumstances which justified an identification stop. We answer both questions in the affirmative. Defendant was in a high crime area where he concedes he had no right to be under the terms of his parole. When the officer observed defendant hurrying away, he identified himself as an officer and advised defendant he wanted to talk to him. Defendant quickened his pace and continued moving away. When defendant stopped, the officer observed him remove a shiny object from his person and drop it into a trash can. He then took defendant into custody until he could search the trash can. After he did so and found the revolver, defendant was arrested.

Defendant's claim of insufficiency of the evidence seems to be predicated on his assertion that the gun found in the trash can was not his. Defendant testified officer Bolen called him by name. "He said, 'Haynes, hold it.' So I walked a little further and he called me again." He then stopped and the officer "spread-eagled" him against the trash can. He denied that he threw anything into it. The evidence was sufficient to present a jury question.

For the reasons stated, there is no merit to any of defendant's assignments of error. The judgment is affirmed.

AFFIRMED.

WHITE, C. J., participating on briefs.