STATE OF NEBRASKA, APPELLEE, v. ROBERT O. MCDONNELL, APPELLANT.
222 N. W. 2d 583

Filed October 24, 1974. No. 39460.

James M. Kelley of Kelley & Thorough, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is a post conviction proceeding. Defendant was previously tried on two counts of burglary, one in Merriman, Nebraska, and the other in Valentine, Nebraska. He was convicted on the first and acquitted on the second. He assigns error for lack of a speedy trial, inadequate counsel, abuse of discretion in sentencing, admission of improper evidence, and failure to supply a complete record. We affirm the judgment of the District Court.

The identical assignments of error were presented on direct appeal. See State v. McDonnell, 186 Neb. 316, 182 N. W. 2d 903. Defendant now seeks to embroider and expand two of the assignments. He charges trial counsel was inadequate because he failed to object to the joinder of the two causes. He also objects to the admission in evidence of a bank bag stolen in the Valentine burglary. Defendant asserts that the joinder of the charge pertaining to the Valentine burglary and the admission of evidence in regard to it was an attack upon his character. Joinder of offenses of the same or similar character is permissible in the absence of prejudice to the defendant. See State v. Rodgers, 186 Neb. 633, 185 N. W. 2d 448. In the present instance the evidence warranted submission of the Valentine burglary charge to the jury. The fact that he was acquitted on this charge indicates defendant was not prejudiced.

In any event, defendant's assignments of error were fully considered on his direct appeal to this court. "A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already

litigated." State v. Weiland, 190 Neb. 111, 206 N. W. 2d 336.

The appeal is entirely without merit and the judgment of the District Court is affirmed.

AFFIRMED.

WHITE, C. J., participating on briefs.