STATE OF NEBRASKA, APPELLEE, V. EARL
WALDO LACY, APPELLANT.

254 N. W. 2d 83

Filed May 25, 1977.   No. 41121.

Scott P. Helvie and Keith N. Bystrom, for appellant.

Paul L. Douglas, Attorney General, and Steven C. Smith, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

This is an appeal from a denial of post conviction relief.   The defendant asserts:   (1) That the trial court erred in considering the record of an arrest contained in the presentence report in sentencing the defendant; and (2) that the trial court violated the constitutional rights of the defendant by sentencing him to a term of 5 to 8 years imprisonment while sentencing an accomplice, who had plead guilty to the offense, to 3 years imprisonment.

This court, on direct appeal, upheld the conviction and affirmed the sentence in State v. Lacy, 195 Neb. 299, 237 N. W. 2d 650.   The facts are set out in that case and will not be repeated here.   We shall discuss the assignments of error in reverse order.

The second assignment of error, that of disparity of sentence, was raised and considered by this court

on direct appeal. It was decided adversely to the defendant. The matter was thoroughly briefed and argued, and discussed by this court. The defendant's arguments were rejected including those alleging a constitutional basis for relief. The matter will not again be considered here. ●"A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated." State v. LaPlante, 185 Neb. 816, 179 N. W. 2d 110. The defendant's second assignment of error is without merit.

The first assignment of error relates to the consideration by the trial court of a police report contained in the presentence investigation of the police department of Mount Clemens, Michigan, of a charge of an assault with a deadly weapon committed by the same defendant. After an argument the defendant, according to the report, is alleged to have reached in his pocket, pulled a gun, and shot a victim in the right leg. The defendant was held in the Macomb County jail for a period of 38 days before the charge was dismissed. The reason for the dismissal is listed as failure of the complaining witness to sign a complaint. The trial court informed the defendant that it was considering the presentence investigation and the report of the crime and that the report indicated that the defendant had in fact committed the crime. This was the second incident in the defendant's history concerning use of a firearm. As indicated in the previous case of State v. Lacy, *supra,* the gun used in the Nebraska crime belonged to the defendant.

The trial court's use of the police report was well known to the defendant at the time of the sentencing and could have been raised on direct appeal. "A defendant in a post conviction proceeding * * * may not raise questions which could have been raised on the

direct appeal * * *.'' State v. Huffman, 186 Neb. 809, 186 N. W. 2d 715.

'' ' ''It is a long accepted practice in this state that before sentencing a defendant after conviction a trial judge has a broad discretion in the source and type of evidence he may use to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by statute. Highly relevant, if not essential, to his determination of an appropriate sentence is the gaining of knowledge concerning defendant's life, character, and previous conduct. In gaining this information, the trial court may consider reports of probation officers, *police reports, affidavits,* and *other information including his own observation of the defendant. A presentence investigation has nothing to do with the issue of guilt.* * * *''

'' 'Due process is not violated by the Nebraska procedure. This is definitely a universal practice, as evidenced by the following from Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337. ''* * * A sentencing judge * * * is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant - if not essential - to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. * * *'' ' '' State v. Holzapfel, 192 Neb. 672, 223 N. W. 2d 670.

In Williams v. New York, 337 U. S. 241, 69 S. Ct. 1079, 93 L. Ed. 1337, the United States Supreme Court held that Williams' prior arrests and activities which had not resulted in convictions were within the scope of the information which a sentencing court could properly consider. We hold the defendant's first assignment of error, even if the same were properly before this court, is totally without merit.

The judgment of the District Court denying the petition for post conviction relief is affirmed.

AFFIRMED.