STATE OF NEBRASKA, APPELLEE, V.
HAROLD D. NOKES, APPELLANT.

307 N.W.2d 521

Filed June 26, 1981. No. 43751.

Duane L. Nelson for appellant.

Paul L. Douglas, Attorney General, and Lynne Fritz for appellee.

Heard before KRIVOSHA, C.J. BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for post conviction relief brought under Neb. Rev. Stat. § 29-3001 (Reissue 1979). In 1974 the defendant entered pleas of guilty to one count of first degree murder and one count of second degree murder. He was sentenced to consecutive life sentences on each count. The convictions and sentences were affirmed on direct appeal in *State v. Nokes*, 192 Neb. 844, 224 N.W.2d 776 (1975).

On April 29, 1980, the defendant filed a motion for post conviction relief which alleged that his guilty pleas had been obtained in an unconstitutional manner. The District Court, after reviewing the files and records of the case, overruled the motion without granting an evidentiary hearing.

The defendant alleges on appeal that the District Court erred in not conducting an evidentiary hearing on the adequacy of defense counsel and misconduct by the prosecution in obtaining defendant's guilty pleas. This court has held that an evidentiary hearing may be denied if the trial court finds, on examination of its files and records, that the proceeding is without foundation. *State v. Nicholson*, 183 Neb. 834, 164 N.W.2d 652 (1969); *State v. Ronzzo*, 181 Neb. 16, 146 N.W.2d 576 (1966).

On the direct appeal in this case, *State v. Nokes, supra*, the defendant raised the issues of effective assistance of counsel and the voluntariness of the defendant's guilty

pleas. As to the latter issue, this court stated: "In State v. Hall, 188 Neb. 130, 195 N.W.2d 201, we held that the standard for determining the validity of a guilty plea is whether or not it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162. Not only was the plea here a clearly voluntary and intelligent choice among alternative courses of action, there was also ample evidence to establish that the murder of Mrs. Hoyt was premeditated." *Id.* at 848, 224 N.W.2d at 779.

As to the defendant's contention that he had been denied effective assistance of counsel, we stated: "Here Harold D. Nokes' trial counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law in his area, and conscientiously protected the interests of his client within the test standards set out in State v. Leadinghorse, *ante* p. 485, 222 N.W.2d 573." *Id.* at 850, 224 N.W.2d at 780.

The issues raised by the defendant in this post conviction proceeding were decided adversely to him on the direct appeal. These matters will not again be considered here. A motion to vacate a judgment and sentence under the Post Conviction Act cannot be used as a substitute for an appeal or to secure a further review of issues already litigated. *State v. Lacy,* 198 Neb. 567, 568, 254 N.W.2d 83 (1977); E.g., *State v. McDonnell,* 192 Neb. 500, 222 N.W.2d 583 (1974). See, also, Hoffman, *Trial Court Responses to Claims for Relief Under the Nebraska Post Conviction Act: A Taxonomy,* 58 Neb. L. Rev. 355 (1979).

The judgment of the District Court is affirmed.

AFFIRMED.