STATE OF NEBRASKA, APPELLEE, v. CLAIR JUHL, APPELLANT.
359 N.W.2d 109

Filed December 7, 1984.    No. 84-392.

Richard C. Anderson, for appellant.

Paul L. Douglas, Attorney General, and L. Jay Bartel, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from a denial of defendant's request for relief under the provisions of Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1979). Although defendant was convicted of three separate felony counts, he took no direct appeal, and only his conviction for possession of a firearm by a felon is involved in these post conviction proceedings.

The possession of a proscribed firearm by the defendant is not in dispute. It is only whether he previously had been convicted of a felony that is at issue here. To establish this factor, there was received in evidence exhibit 5, a certified copy of a judgment of conviction for receiving, concealing, and retaining stolen government property, in violation of 18 U.S.C. § 641 (1982), from the U.S. District Court for the Southern District of California. The defendant was placed on probation for 3 years.

Defendant's claim for relief is based on alleged ineffective assistance of counsel in that (1) counsel failed to discover and disclose to the court that the federal conviction had been expunged and was no longer capable of supporting a charge of felon in possession of a firearm; (2) counsel failed to object to the introduction into evidence of exhibit 5, which was insufficient to prove a prior felony conviction; and (3) counsel failed to move for a dismissal of the charge of felon in possession of a firearm.

Initially, we must point out that a motion to set aside a judgment of conviction cannot serve the purpose of an appeal to secure a review of the conviction, nor is such a motion under the Post Conviction Act a substitute for an appeal. *State v. Riley*, 183 Neb. 616, 163 N.W.2d 104 (1968); *State v. Nokes*, 209 Neb. 293, 307 N.W.2d 521 (1981). In other words, a defendant in a post conviction proceeding may not raise questions which could have been raised on direct appeal. *State v. Shepard*, 208 Neb. 188, 302 N.W.2d 703 (1981). See, also, *State v. Pope, ante* p. 361, 355 N.W.2d 216 (1984).

In considering whether counsel was in fact ineffective in his service to the defendant, the standard for determining whether defense counsel has rendered constitutionally required effective assistance is whether counsel has performed at least as well as a lawyer with ordinary training and skill in the criminal law in that area and has conscientiously protected the interests of his client. *State v. Shepard, supra.*

The defendant first contends that the prior federal conviction used as the basis for the present offense resulted in probation under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005 et seq. (1982), and, because he completed his probation, the conviction has been automatically expunged and could not have been used in this instance. Because defense counsel did not discover this fact and disclose it to the trial court, defendant reasons such counsel was ineffective.

Section 5021(b) provides as follows:

> Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

No such order of discharge appears in the record.

However, the defendant relies on *United States v. Arrington*, 618 F.2d 1119 (5th Cir. 1980), for the proposition that unconditional discharge and conviction expungement are automatic upon completion of the maximum sentence under

the Federal Youth Corrections Act. Nevertheless, not only is *Arrington* distinguishable on its facts, but it has been criticized by more recent cases as being contrary to the clear language of § 5021 and as relying on unpersuasive authority.

More to the point is *Tuten v. United States,* 460 U.S. 660, 103 S. Ct. 1412, 75 L. Ed. 2d 359 (1983). In that case the defendant had been convicted in the Superior Court of the District of Columbia of carrying a pistol without a license and was placed on probation for 2 years under the Federal Youth Corrections Act. At the *end* of the probationary period, he was unconditionally discharged from the program. Nine years later the defendant was convicted for a similar offense, and the original conviction was utilized to enhance his punishment. Defendant there claimed that his conviction had been automatically expunged following the successful completion of his probationary term. This assertion was rejected by both the trial court and the court of appeals. In affirming the judgment of the District of Columbia Court of Appeals, the U.S. Supreme Court said:

> Under the interpretation of § 5021(b) plainly suggested by the language of the statute, the conviction of a youth offender who has been placed on probation under § 5010(a) is not set aside where, as here, the court has *not* exercised its discretion to discharge him unconditionally "prior to the expiration of the maximum period of probation theretofore fixed by the court," which in this case was two years. . . .

> In short, the language of § 5021(b), the legislative history, and the rehabilitative purposes of the YCA all point to a single conclusion: that petitioner's previous conviction was not set aside under § 5021(b) because he was unconditionally discharged from probation upon the completion, not prior to the completion, of the two-year term of probation to which he was initially sentenced under § 5010(a).

103 S. Ct. at 1417.

Because the prior conviction in the present case had not been expunged, there was nothing for counsel to disclose to the trial court, and, therefore, no ineffective assistance of counsel.

As to defendant's second assignment of error, he points out that a violation of § 641, reflected by the certificate of judgment, is punishable by imprisonment for not more than 10 years if the value of the property taken was more than $100, or for not more than 1 year if the value of such property is less than $100. It is provided under 18 U.S.C. § 1 (1982) that any offense punishable by imprisonment for a term *exceeding* 1 year is a felony, and all other offenses are misdemeanors. Therefore, he argues, because there is nothing in the record to indicate the value of the property, we cannot tell whether the prior conviction was a felony or a misdemeanor. Accordingly, he asserts, counsel should have objected to the introduction into evidence of exhibit 5.

However, the defendant overlooks one very important point. Prior to the commencement of trial, following a motion in limine by the defendant, the State was ordered not to introduce in evidence "circumstances of prior conviction except language of order of conviction unless such prior conviction is contested by the defendant." As pointed out by the trial court, if counsel had not expressly stipulated defendant's previous conviction was for a felony, he at least had impliedly stipulated to that fact because he did not want evidence of the background and nature of the prior conviction brought out during the trial.

As stated in *State v. Haynes*, 192 Neb. 445, 449, 222 N.W.2d 358, 361 (1974):

> Defendant did not deny that he was a convicted felon. . . . Trial counsel, undoubtedly as a part of trial strategy to minimize the effect of defendant's record, thought it best not to spread the details of the previous convictions on the record. . . .
>
> . . . .
>
> . . . We cannot say that defendant's trial counsel did not perform at least as well as a lawyer with ordinary training and skill in the criminal law, or that he did not conscientiously protect his client's interest.

See, also, *State v. Hoppes*, 202 Neb. 383, 275 N.W.2d 608 (1979).

Additionally, it is apparent from the record that the State possessed sufficient evidence to prove that the prior conviction was a felony, which it could have introduced but for the order

on the motion in limine. Victor Walker, the federal probation officer who supervised defendant's probation, testified at the hearing for post conviction relief that the June 17, 1974, conviction was for a felony.

It would make no sense at all to permit a party to secure an order of the court prohibiting the introduction of certain evidence and to then complain because his lawyer did not require such evidence to be produced.

Counsel in this instance satisfied the test of effective assistance of counsel.

There is no substance to the claim that counsel was ineffective because he failed to move for a dismissal of the charge at the close of the State's evidence, because such a motion would have been of no avail. Where one maintains that counsel was inadequate or ineffective, one must also show how or in what manner that alleged inadequacy prejudiced the defendant. *State v. Holloman*, 209 Neb. 828, 311 N.W.2d 914 (1981). See, also, *State v. Robinson, ante* p. 156, 352 N.W.2d 879 (1984).

The judgment of the district court in denying post conviction relief was correct and is affirmed.

AFFIRMED.