STATE OF NEBRASKA, APPELLEE, V. DANIEL THOMAS MEIS, APPELLANT.

395 N.W.2d 509

Filed October 24, 1986.   No. 86-064.

Richard Scott, for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

HASTINGS, J.

Defendant appeals an order of the district court for Antelope County denying his request for postconviction relief. We affirm.

Following a jury trial in the district court for Antelope County, defendant, Daniel Thomas Meis, was convicted of first degree murder and use of a firearm in the commission of a felony. He was sentenced to life imprisonment and a consecutive term of 5 years. Meis appealed his conviction, which was affirmed in *State v. Meis*, 217 Neb. 770, 351 N.W.2d 79 (1984).

Defendant then filed a motion for postconviction relief in the district court for Antelope County. A hearing was held on defendant's claims that he was denied effective assistance of counsel at his trial and on appeal and that the prosecutor conducted himself in such a way as to result in prosecutorial misconduct. The district court allegedly refused to hear evidence on defendant's numerous other claims because they could have been raised on direct appeal. After the hearing the district court ruled that defendant had failed to meet his burden of proof on the prosecutorial misconduct and ineffective assistance of counsel claims and, therefore, denied defendant's request for postconviction relief. Defendant appeals.

Meis contends that the district court abused its discretion in denying his request for postconviction relief. Specifically, he contends that the district court erred when it (1) refused to hear evidence on paragraphs II, IV, V, VI, VII, VIII, and X of his third amended petition; (2) failed to find that the prosecutor conducted himself in such a way as to result in prosecutorial misconduct; and (3) failed to find that he was denied effective assistance of counsel at trial and on appeal.

Defendant first alleges that during a pretrial proceeding on October 30, 1985, the district court ordered him not to present evidence on paragraphs II, IV, V, VI, VII, VIII, and X of his third amended petition at the hearing set for January 6, 1986. These items referred to the sufficiency of the evidence, the failure to grant a change of venue, the admission of certain pictures, the court's failure to give corrective instructions on its own motion, the failure to grant defendant a short continuance at one point in the trial, the trial court's failure to make an entry of record as to the voluntariness of defendant's impeaching statement, and the denial of certain voir dire questions of prospective jurors. These claims all could have been, and some

were, raised on direct appeal. A defendant may not, in a postconviction hearing, raise questions which could have been raised on direct appeal. *State v. Juhl*, 218 Neb. 792, 359 N.W.2d 109 (1984).

In any event, defendant has not presented this court with a record of that particular portion of the pretrial proceedings and order which supposedly prevented him from raising those issues. As we stated in *Chalupa v. Chalupa*, 220 Neb. 704, 705, 371 N.W.2d 706, 707 (1985): "Where evidence or rulings do not appear in the record, they cannot be considered on appeal." Because the October 30, 1985, ruling does not appear in the record, defendant's first assignment of error must be rejected.

We deal next with defendant's second objection, that the prosecutor conducted himself in such a way as to result in prosecutorial misconduct. As has been stated, a defendant in a postconviction proceeding may not raise questions which could have been raised on direct appeal. Counsel for the defendant all but conceded this point during oral argument when he made it clear that he was relying primarily upon the claimed failure of former counsel to object to such conduct during the trial, or to raise that issue on appeal, in support of his present claim of ineffective assistance of counsel. Because prosecutorial misconduct could have been raised on appeal, defendant's second assignment of error must also be rejected.

This brings us to the defendant's final assignment of error, that his counsel was ineffective at trial and on appeal. Specifically, in paragraph III of his third amended petition, Meis alleged that trial counsel was ineffective in that he failed to (1) object to numerous misstatements of the prosecutor, in his closing arguments, concerning testimony; (2) procure witnesses favorable to defendant or who would have tended to prove that there had been witness tampering by the victim's father; (3) find material that was available and that would have tended to prove the neutron activation test was unreliable and had been contaminated with blood and dirt; (4) discover materials which were available and which would have cast serious doubt on the credibility of Officer Bailey's testimony concerning an oral statement allegedly made by defendant; (5) request tests be run on decedent's fingernails, when such tests would have tended to

prove that the defendant's version of the events was true and credible; (6) object to a "death-qualified" jury's being impaneled; (7) present evidence in support of his motion for change of venue, when such evidence was available in the form of statistics; (8) request a record be made of the opening arguments; (9) request a record be made of voir dire; (10) depose persons in the community who had stated that defendant could not get a fair trial due to the current feelings in the community; (11) make any specific motions for the police reports concerning the incident; (12) make and pursue his motion for a new trial at the end of the State's case in chief; (13) present mitigating and extenuating evidence at the time of sentencing; (14) complete the appeal; (15) make objections to testimony and evidence; and (16) fully cross-examine witnesses. As a further claim of ineffectiveness of counsel, defendant alleged that this court erred in removing original counsel days before argument, in that the time allotted between the appointment of counsel and the oral argument was insufficient to allow appointed counsel adequate time to research and prepare his case.

Several of the defendant's allegations of ineffective assistance of counsel can be dealt with summarily. As we stated in *State v. Robinson*, 215 Neb. 449, 450, 339 N.W.2d 76, 77 (1983): "[I]n order to state a cause of action for post conviction relief, the motion must allege facts which, if proved, constitute an infringement of the prisoner's constitutional rights; allegations which are mere conclusions are insufficient." One of the elements of an ineffective assistance of counsel claim is a showing of how the defendant was prejudiced in the defense of his case as a result of his attorney's actions or inactions. *State v. Manchester*, 220 Neb. 41, 367 N.W.2d 733 (1985). Since one of the elements of an ineffective assistance of counsel claim is prejudice, the defendant, in order to state a cause of action for such a claim, must allege facts which, if proved, show that the defense of his case was prejudiced by his attorney's actions or inactions.

In several of the defendant's allegations of error he did not allege facts which show that he suffered prejudice as a result of his attorney's actions. Specifically, the defendant did not allege

facts showing how he suffered prejudice when he stated that counsel was ineffective when he failed to object to a "death-qualified" jury's being impaneled; request a record be made of the opening arguments; request a record be made of voir dire; make any specific motions for the police reports concerning the incident; make and pursue his motion for a new trial at the end of the State's case in chief; present mitigating and extenuating evidence at the time of sentencing; complete the appeal; make objections to testimony and evidence; and fully cross-examine witnesses. Not only did the defendant fail to allege prejudice in his motion, he also did not prove prejudice at the evidentiary hearing. Without the necessary allegations and proof of prejudice to his case, the above claims of ineffective assistance of counsel must be dismissed without further examination.

Before we address the remaining ineffective assistance of counsel claims, we must set out the standard by which such claims are judged.

> The standard for determining the effectiveness of counsel in a criminal case is whether the attorney, in representing the accused, performed at least as well as a lawyer with ordinary training and skill in the criminal law in the area. . . . Further, defendant has the burden to show how or in what manner his counsel was ineffective.

*State v. Apodaca, ante* p. 258, 260, 388 N.W.2d 837, 839 (1986). In addition, there must be a showing of prejudice. With the foregoing standards in mind, we now address the defendant's remaining ineffectiveness of counsel claims.

Defendant first argues that certain statements made by the prosecution during closing arguments were improper as either misstating evidence or appealing to the emotions of the jury. He claims that his trial counsel was ineffective in failing to object during closing arguments, thereby precluding review on direct appeal.

At the postconviction proceeding defense counsel testified that he discussed whether to object to the State's closing argument with cocounsel and defendant. His decision not to object was based on his observation of the jury at the time, from which he concluded that the remarks by the State were

making a negative impact. Further, defense counsel was concerned that his objections would not be sustained.

Richard Krepela, an attorney in that area with considerable experience practicing criminal law, testified for the State at the postconviction hearing regarding his opinion of the level of representation provided defendant at trial. After reviewing the record Krepela testified that he probably would not have objected to the State's closing argument if he felt that it was making no significant impression on the jury.

The decision to object or not to object to comments made by the prosecution during closing argument is a part of trial strategy. As we stated in *State v. Colgrove*, 207 Neb. 496, 501, 299 N.W.2d 753, 756 (1980): "[W]e grant due deference to the discretion of defense counsel to formulate trial tactics . . . particularly where, as here, it appears no valid objections exist." Defense counsel's decision in this case not to object to the State's closing argument was trial strategy clearly within the bounds of effective assistance of counsel.

The defendant next alleges that his trial counsel was ineffective because he failed to procure witnesses favorable to the defendant who would have tended to prove that there had been witness tampering by the victim's father. At the postconviction hearing the defendant testified he had heard that the victim's father had attempted to alter the testimony of one of the State's witnesses and that Lyle Galyen and Jim Cox could corroborate that story. The defendant testified that he asked his trial counsel to call those two witnesses at his trial, but they were not called. Defense counsel testified that he interviewed the two men, but they could not verify the defendant's claim of tampering. Counsel also stated that he was concerned that having the victim's father on the stand might evoke more sympathy from the jury.

"A decision to call, or not call, a particular witness, made by counsel as a matter of trial strategy . . . does not without more sustain a finding of ineffectiveness of counsel." *State v. Brown*, 220 Neb. 305, 307, 369 N.W.2d 639, 641 (1985). Considering that these two witnesses could not corroborate the defendant's story and could possibly have prejudiced the defendant's case, trial counsel was certainly justified in not calling them. The

defendant therefore has not met his burden of proof on this claim.

The defendant next claims that his counsel was ineffective because he failed to find material that was available and would have tended to prove the neutron activation test was unreliable and had been contaminated with blood and dirt. Nothing in the record supports the claim that had counsel only looked he would have found such information. Indeed, defendant's counsel filed numerous discovery motions, including one regarding the results of scientific tests. In addition, the results of the neutron activation test brought out at trial were consistent with the defendant's version of the shooting. Counsel's failure to discredit the test's results was actually beneficial to the defendant; therefore, counsel's inaction provides no basis for claiming ineffective assistance of counsel.

The defendant next argues that his counsel failed to discover information which would have cast serious doubt on the credibility of Officer Bailey's testimony. Again, the record does not reveal what information trial counsel did not discover. The record does establish, however, that Officer Bailey was deposed by trial counsel twice prior to trial. The defendant again has failed to establish in what manner his counsel was ineffective.

The defendant also argues that trial counsel failed to request tests be run on the decedent's fingernails, when such tests allegedly would have tended to prove that the defendant's version of the events was true and credible. Defense counsel testified at the postconviction hearing that such tests were not requested because any skin or hair found under the nails could have been explained as resulting from an earlier struggle. Thus, counsel felt it was more advantageous to argue that the State failed to conduct tests which could have exculpated the defendant. Counsel did indeed address this point in his closing arguments. Defendant has again failed to prove trial counsel was ineffective.

The last of defendant's claims of ineffective assistance of trial counsel involved change of venue. The defendant first alleges that counsel was ineffective because he failed to present evidence in support of his motion for change of venue. The defendant in his motion states that those statistics "would have

tended to show that in excess of 78.4% of the venieremen [sic] called were excused for challenges or other reasons, and Defendant contends that this would have tended to show the bias which existed within the community." At the postconviction hearing no evidence was presented to substantiate this claim, and the defendant did not pursue this further in his brief. Because no facts were presented to substantiate this claim, we are compelled to hold that it is without merit.

The defendant also contends that his trial counsel was ineffective because he failed to depose persons in the community who had stated that the defendant could not get a fair trial due to the current feelings in the community. Trial counsel testified at the postconviction hearing that he had discussed with other attorneys the type of evidence necessary to succeed on a motion for change of venue. He was informed that courts were more responsive to statistical surveys than affidavits from members of the community. He chose to have a statistical survey conducted, the results of which established that there was less community bias than anticipated, and, in fact, several areas appeared to be favorable to the defendant. Also, counsel was concerned about the general pro-prosecution reputation of the possible alternative locations. Counsel's motion for change of venue was filed, but overruled. The defendant has failed to show how counsel performed below the level of an attorney with ordinary skill and training and has also failed to show how the defendant was prejudiced by trial counsel's actions; therefore, this claim is also rejected.

Finally, the defendant claims that this court denied him effective assistance of counsel on appeal because we removed original counsel days before argument. Defendant admits in his brief that appointed counsel was qualified but alleges that the time allotted between the appointment of new counsel and the oral argument was insufficient to allow appointed counsel adequate time to research and prepare his case.

Defendant's trial counsel represented the defendant on direct appeal to this court and filed a brief on the merits. Before oral argument, however, trial counsel was appointed Antelope County attorney. The State filed a motion to disqualify trial

counsel, alleging an actual conflict of interest, which we sustained. The district court then appointed Richard Shugrue to represent the defendant in oral argument. Shugrue argued from the defendant's brief, although he supplemented it with additional case law. Shugrue did not testify at the postconviction proceeding, but his affidavit attached to his motion for compensation reveals that he spent 23 hours in preparation for oral argument, including discussions with the defendant's trial counsel and the defendant's family.

The defendant has not proven any errors or omissions committed by appointed counsel during oral argument and has not alleged or proven how the defendant was prejudiced by any actions or inactions on appointed counsel's part. Because there is no factual support for the allegation of ineffective assistance of counsel on appeal, this final claim of error must be dismissed.

The judgment of the district court is therefore affirmed.

AFFIRMED.

GRANT, J., participating on briefs.