STATE OF NEBRASKA, APPELLEE, V. GLORIANN NAVRKAL, APPELLANT.

496 N.W.2d 532

Filed March 12, 1993.    Nos. S-91-239, S-91-240, S-92-255, S-92-256.

Martin Cahill, Dakota County Public Defender, and, on brief, Richard L. McCoy for appellant.

Gloriann Navrkal, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

BOSLAUGH, J.

After trial to a jury, in case No. S-91-239, the defendant, Gloriann Navrkal, was convicted of false reporting to a police officer and was sentenced to 3 months in jail. In case No. S-91-240 the defendant was convicted of attempt to commit theft by deception and was sentenced to 6 months in jail, the sentences to run concurrently.

In three other cases the defendant was acquitted of three charges of theft by deception.

Case No. S-92-255 and case No. S-92-256 are attempts by the defendant to appeal from orders overruling her motions to amend the bill of exceptions.

In her appeal from the judgments in case No. S-91-239 and case No. S-91-240 the defendant has assigned as error the overruling of her motion in limine, various rulings on evidentiary matters, that she had ineffective assistance of trial counsel, that the trial court did not conduct the trial in a fair and impartial manner, and that the sentences imposed are excessive.

The record shows that on November 19, 1989, the defendant reported to the South Sioux City police that her home had been burglarized while she was out of town for the weekend. She

claimed that two televisions, a typewriter, a stereo, two VCRs, a Nintendo game, a microwave and valuable jewelry, including a diamond cocktail ring valued at $1404, a diamond solitaire valued at $1000, a diamond cocktail ring valued at $500, and a diamond and sapphire ring valued at $525, had been stolen. She also reported that she did not have any insurance.

Beverly Burcham, a cousin who lived with the defendant at the time of the alleged burglary, testified that the defendant was home during the weekend the alleged burglary took place, and that the defendant asked Beverly to move some things over to the defendant's sister's house in Sioux City, Iowa.

On Saturday night, November 18, 1989, Beverly had a party with some friends at the defendant's house. About 10:30 p.m. the defendant came home and was very upset that Beverly had people over and asked everybody to leave the house. The defendant threatened to make Beverly move out of the house and again asked Beverly to take some things over to the defendant's sister's house.

After spending the night elsewhere, Beverly and Pat Cadwallader went to the defendant's house the next morning. Beverly thought that if she moved the items that the defendant had requested, the defendant would change her mind about making Beverly move out.

Beverly and Pat then moved two TVs, a VCR, a stereo and a microwave to the defendant's sister's house in Sioux City, Iowa. Later Sunday evening when they went back to the defendant's house, the defendant's children told them that the defendant's house had been robbed.

Beverly testified that the defendant had:

> . . . already told the police that she had been robbed with the stuff that we had taken over to her sister's house and I said that she had better make sure we were clear otherwise I was going to turn her in because at the time I was on probation, and she was making up excuses for us to tell the police department if they would question us. . . .

The defendant's ex-husband, Jim Peterson, testified that during their marriage, their home was originally insured with Tower Insurance, but after two claims, one of which was for lost or stolen jewelry that was later found but never reported

found to Tower, the company considered them risky and discontinued the policy.

The house was then insured by State Farm. They made four claims against that policy, two of them being for the mysterious disappearance of the defendant's wedding rings. To Peterson's knowledge, the wedding rings were never found after the first claim. The second claim for the jewelry was in March of 1988 for the defendant's lost replacement wedding rings.

The rings claimed to be stolen from the defendant's home on November 19, 1989, were the same rings for which the defendant had received compensation from State Farm when they were lost in 1988.

On November 22, 1989, the defendant reported to her insurance company, American Family Insurance, the loss alleged to have resulted on or about November 19, 1989. When the insurance agent asked her to explain what happened, she related that she had been gone over the weekend, and when she returned home on Sunday she discovered that her house had been robbed.

The defendant had been insured by American Family since March 1989. On her application to American Family she indicated she had no past losses.

American family denied the defendant's claim because of statements from Beverly Burcham and Pat Cadwallader; the defendant's misrepresentation of items involved in the theft, particularly the rings which had previously been submitted as lost or stolen to State Farm; and the defendant's lack of cooperation in processing the claim.

The defendant's motion in limine was made prior to the testimony of defense witness, Randy Hisey. The defendant requested the trial court to prohibit the State on cross-examination from inquiring about the witness' representation of the defendant in several matters. The trial court overruled the defendant's motion, reserving ruling until the evidence was offered.

Randy Hisey, an attorney, testified that he had represented the defendant in the past. When asked what types of cases he had handled for the defendant, Hisey testified he had represented the defendant on an assault charge. When asked

whether he had represented the defendant at any hearings, Hisey responded that he had represented the defendant at a city housing hearing where the city was attempting to remove the defendant from city housing for having too many inhabitants in her dwelling.

Since no objection was made to either of these questions, the defendant's assignment of error regarding the trial court's overruling her motion in limine is without merit.

When a court overrules a motion in limine to exclude evidence, the movant must object when the particular evidence, previously sought to be excluded by the motion, is offered during trial and cannot predicate error on the admission of evidence to which no objection was made when the evidence was adduced.

*State v. Cox*, 231 Neb. 495, 437 N.W.2d 134 (1989).

The defendant assigns as error the trial court's sustaining the State's untimely objections. She argues the trial court should not have sustained the State's objections because the objections were not made at the time the questions were asked but were made after the questions were answered.

In every instance, the objection made by the State was that the answer was not responsive to the question or that the answer involved hearsay evidence. The questions as asked were not objectionable, but the responses were. The trial court did not err in sustaining the State's objections to those responses.

The defendant claims the trial court erred in sustaining the State's hearsay objection to an answer by Randy Hisey, one of the defendant's witnesses. According to the defendant, the testimony was necessary to impeach testimony made by Beverly Burcham.

The record shows the following occurred during examination of Randy Hisey about a telephone conversation that he had with Beverly Burcham:

Q. What was the nature of that conversation?

A. I called her to find out what was going on with respect to the burglary. And I called her over there and left my name and number with somebody and she was supposed to be home at some specific time or by some specific time that night. And I waited like 45 minutes or an

hour past that time and she didn't call me, so I called her back and talked to her at that time. And I asked her basically what was going on with this burglary, was there some kind of a faked burglary and so forth.

Q. And what else?

A. Well, she said as far as she knew, it was not a faked burglary.

Mr. LUEBE: Objection. That's hearsay, Your Honor.

THE COURT: Sustained.

Hisey's response to the question related to an out of court statement, and if offered to prove the truth of the matter asserted was hearsay. The trial court was correct in sustaining the State's hearsay objection and striking the statement from the record.

The defendant made no offer of proof that the statement was offered for the purpose of impeachment. She cannot now complain that the trial court erred in excluding Hisey's hearsay response from evidence. See *In re Estate of Woodward*, 147 Neb. 270, 23 N.W.2d 75 (1946).

The defendant asserts that her trial counsel was ineffective in failing to object to the State's questions of Hisey regarding his representation of the defendant discussed in her earlier assignment of error; in failing to have the false reporting charge dismissed; in failing to ask her questions she had prepared for him to use during her testimony; in failing to object to exhibits offered by the State; in failing to introduce certain evidence; in agreeing to let the State amend the information; in failing to ask impeachment questions of one of the State's witnesses; and in failing to move to suppress evidence of a telephone conversation between the defendant and Beverly Burcham.

In order to prevail on a claim of ineffective assistance of counsel, the defendant must establish that her attorney failed to perform at least as well as a lawyer with ordinary training and experience in criminal law and how she was prejudiced in the defense of her case as a result of her attorney's actions or inactions. *State v. Meis*, 223 Neb. 935, 395 N.W.2d 509 (1986).

While it was necessary to object to the questions of Hisey regarding his prior representation of the defendant in order to preserve for appeal any objection the defendant may have had

concerning the trial court's ruling on her motion in limine, the defendant has failed to show that she was prejudiced by the failure to object to those questions. If we assume the evidence was inadmissible, the error in receiving it was harmless because the evidence produced by the State overwhelmingly established the defendant's guilt of the charges for which she was convicted. See, *State v. Cox, supra*; *State v. Greeno*, 230 Neb. 568, 432 N.W.2d 547 (1988).

Regarding the defendant's allegation of ineffective assistance of counsel, based on her claim that the false reporting charge should have been dismissed because she was not brought to trial within 6 months, there is nothing in the record to support this claim. "Where evidence or rulings do not appear in the record, they cannot be considered on appeal." *State v. Meis, supra*.

The defendant's other allegations of ineffective assistance all relate to matters of trial strategy, and trial counsel should be afforded due deference to formulate trial strategy. *Id*. The record does not show the defendant was prejudiced by her attorney's trial strategy.

The defendant's claim of ineffective assistance of counsel based on the admission of the transcript of a phone conversation between the defendant and Beverly Burcham is not supported by the record.

Out of the presence of the jury, the State offered a cassette tape recording and a transcript of the conversation; however, counsel for the defendant objected to the offer. The trial court reserved ruling on the objection until it heard further foundational evidence. Further evidence was presented, but the State never reoffered the exhibits, and the record shows they were withdrawn as evidence.

The defendant's next assignment of error pertains to inappropriate comments made by the State during closing arguments. The closing arguments were not made a part of the record, and it appears no objection was made to the State's closing argument; therefore, as stated above, we cannot consider this assignment of error.

The defendant contends the trial court did not conduct the trial in a fair and impartial manner because she was instructed to answer the questions as asked. The record shows the

following occurred on direct examination:

Q. While you were in the hospital, were you visited by your sister Val Reising?

A. Yes. The hospital called my sister the night that I came into the hospital.

THE COURT: I think maybe I'm going to interject at this time, Ms. Navrkal. When a question calls for a yes or no answer, I would like very much to have you respond yes or no or we're never going to get done. You're giving a narrative to every question and I can't allow you to do that.

Because no objection was made to the trial court's statement, we do not consider the matter further. "[A] claim of improper conduct on the part of the trial judge in the presence of the jury will not be reviewed on appeal in the absence of a timely objection." *Pitt v. Checker Cab Co.*, 217 Neb. 600, 606, 350 N.W.2d 507, 511 (1984).

The defendant claims that her sentences are excessive. She argues that the trial court should have ordered probation.

The defendant was convicted of attempt to commit theft by deception and false reporting to a police officer.

Theft by deception is a class III felony if the item involved is valued over a thousand dollars. Neb. Rev. Stat. §§ 28-512 and 28-518(1) (Reissue 1989). Criminal attempt is a class IV felony when the crime attempted is a class III felony. Neb. Rev. Stat. § 28-201(1)(a), (b) and (4)(c) (Reissue 1989). The maximum penalty for a class IV felony is 5 years' imprisonment, a $10,000 fine or both. There is no minimum.

False reporting to a police officer is a class I misdemeanor under Neb. Rev. Stat. § 28-907(1)(a) and (2) (Reissue 1989). The maximum penalty for a class I misdemeanor is not more than 1 year imprisonment, a $1000 fine or both. There is no minimum.

The defendant was sentenced to 6 months in jail on the attempt conviction and 3 months in jail for the false reporting conviction. The sentences run concurrently.

The denial of probation and the imposition of a sentence that is within statutorily prescribed limitations will not be disturbed on appeal absent an abuse of discretion. *State v. Morley*, 239

Neb. 141, 474 N.W.2d 660 (1991).

The sentences imposed in this case were within the statutory limits and were minimal. Given the circumstances and facts of this case, the trial court did not abuse its discretion in sentencing the defendant.

Case No. S-92-255 and case No. S-92-256 are attempts to appeal separately from the trial court's denial of her motion to amend the bill of exceptions.

On December 17, 1991, after the State had filed its brief for the defendant's appeal from her convictions, the defendant filed a motion to amend the bill of exceptions so as to include the closing argument in the bill of exceptions. A verbatim record was not made or preserved of the hearing on the defendant's motion to amend the bill of exceptions. On March 3, 1992, the trial court denied the defendant's motion by an order stating: "As a factual finding the Court determined that there was no objection made at the time of the closing argument of Laura Knox and that no objection to any part of the closing argument was made at any time thereafter."

Ordinarily, a party who does not object to an argument of the prosecutor which is alleged to constitute misconduct will be held to have waived his right to complain. *State v. Boss*, 195 Neb. 467, 238 N.W.2d 639 (1976). In *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985), we held that the failure to make a timely objection to the closing argument of the prosecuting attorney is equivalent to failing to make any objection at all and waives any right to complain.

The record fails to show an abuse of discretion by the trial court in denying the defendant's motion to amend the bill of exceptions. See *In re Interest of D.A.B. and J.B.*, 240 Neb. 653, 483 N.W.2d 550 (1992).

The judgment of the trial court is affirmed.

AFFIRMED.