REQUESTED BY: Senator Carol McBride Pirsch
You have submitted four questions for review with respect to LB 426. The bill would allow persons who have been charged with first-offense traffic infractions to enter driver safety courses as an alternative to convictions. You asked whether the bill violates the Separation of Powers Clause, the Due Process Clause, the Equal Protection Clause, or is unconstitutionally vague.
You first ask: "Does the language of LB 426 dictate executive functions (when to arrest and who to prosecute) and thereby violate the constitutional separation of powers requirement?"
Your question assumes that LB 426 dictates when to arrest and whom to prosecute. LB 426 simply gives a driver the choice of participating in a driver safety course as an alternative to a conviction for a first-offense traffic infraction. As a factual predicate to participation in the driver safety course, a person would first have to be arrested. Thus, law enforcement officers would retain the same discretion they currently hold, and LB 426 would have no effect on that discretion.
Neither would LB 426 limit a prosecutor's choice of whom to prosecute. It would merely afford a certain class of persons the privilege of participation in a driver safety course as an alternative to conviction.
LB 426 would not violate the Separation of Powers Clause by providing that prosecutors perform executive functions, because they are in fact members of the executive branch. In State v.Moore, 210 Neb. 457, 473, 316 N.W.2d 33, 42 (1982), the Supreme Court said, "The prosecutor is obviously a member of the executive branch of government." Likewise, in State v. Palmer, 224 Neb. 282,325, 399 N.W.2d 706, 734 (1986), the court observed that determining what charges should be filed is an executive function of a prosecutor.
In your second question, you state: "Does requiring a person to pay this amount (the amount of the fine) without a hearing or determination of guilt violate the individual's due process rights?"
Under LB 426, the offender would have the choice of facing the charges or foregoing the prosecution and participating in the driver safety course. The law affords an opportunity for a trial and resulting adjudication of guilt or innocence, and it is the accused who must determine whether to waive the right. We do not believe this choice violates due process. Cf. State v. Johnson,234 Neb. 110, 115, 449 N.W.2d 232, 235 (1989) (there is no due process violation when a defendant is openly presented with the unpleasant alternatives of foregoing trial or facing charges). In effect, the driver safety course is a pretrial diversion program which is well-established in the criminal justice system. See Neb. Rev. Stat. §§ 29-3601 to 29-3604 (1989 Cum. Supp. 1994).
In your fourth question, which we will address at this juncture, you ask whether LB 426 is unconstitutionally vague because part of the fee for the driver safety course is the amount of the fine which the person would have paid had he or she been convicted.
"`[D]ue Process requires that a penal statute supply adequate and fair notice of the conduct prohibited and also supply an explicit legislative standard defining the proscribed conduct, to prevent arbitrary and discriminatory enforcement at the discretion of law enforcement officials.'" State v. Schmailzl, 243 Neb. 734,736, 502 N.W.2d 465 (1993) (quoting State v. Monastero, 228 Neb. 818,883, 424 N.W.2d 837, 847 (1988)).
 The test for determining whether a statute is vague is whether it forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application. . . . A statute will not be deemed vague if it uses ordinary terms which find adequate interpretation in common usage and understanding. . . . In determining whether a statute is vague and therefore does not give a defendant adequate notice that his conduct is proscribed, the statute must be examined in light of the conduct with which the defendant is charged. . . .
Id. at 736-37, 502 N.W.2d at 465.
LB 426 does not run afoul of the test cited in Schmailzl. The bill does not impose a penalty for the doing of an act or the failure to act. Accordingly, the prohibition against unconstitutionally vague penal statutes is inapplicable.
Nevertheless, your fourth question raises an important issue. Any person who is found guilty of a traffic infraction when no other penalty is specifically provided will be fined not more than $100 for the first offense. Neb. Rev. Stat. § 60-689 (1993). Section 60-689 only sets the upper limit of the fine amount, and a sentencing judge retains discretion in determining the amount of the fine within the range provided by statute. Obviously, if one is found guilty and the judge imposes a fine, the amount of the fine is definite and certain. However, if one does not go to trial, as is the case with those who opt for the driver safety course, then one cannot know what fine will be imposed. Therefore, the fee for the course cannot be determined under the bill's current language.
In your third question you state:
 To charge some individuals as little as [$10] and others as much as [$100.00] as a requisite to this opportunity would seem to create government access on a differing basis with no objective or reasonable relationship to unbiased criteria. Please provide your legal analysis and opinion as to whether this would violate the equal protection rights of individuals.
For purposes of answering this question, we assume that a sliding scale, such as the waiver/fine schedule promulgated by the Supreme Court for traffic offenses, will be used to determine the fine which is part of the fee for the driver safety course. As stated above, the fee cannot be determined as the bill is presently written.
Driving is not a fundamental right, and traffic offenders are not a suspect class. See State v. Michalski, 221 Neb. 380, 385,377 N.W.2d 510, 515 (1985). Therefore, the charge for the driver safety course need only be rationally related to the State's interest. "`If the classification of persons singled out by the legislation is reasonable and not arbitrary, and is based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved, it meets the constitutional test of equal protection.'" State v. Ruzicka,218 Neb. 594, 597, 357 N.W.2d 457, 461 (1984) (quoting State v. Haynes,192 Neb. 445, 448, 222 N.W.2d 358, 361 (1974)).
As stated, we assume that the fee for the driver safety course would be tied to the fine which, in turn, would be tied to the seriousness of the offense. The end result is that those persons committing more serious traffic offenses pay a higher fee for the course than those persons committing less serious offenses. It has often been said that "the punishment should fit the crime." This would be the case here. It seems to us that someone who travels twenty-five miles per hour over the posted speed limit is deserving of more punishment than someone who fails to signal a right-hand turn, for instance. Imposition of a greater monetary punishment for a more serious traffic violation is rationally related to the State's interest in public safety. Furthermore, LB 426 does nothing to change what has already been selected as a punishment that has been deemed most effective in the suppression of traffic violations. It simply allows the driver to avoid a conviction for a first-time offense.
Therefore, we feel that LB 426 would not violate equal protection if a sliding scale fee were to be used and the fee were dependent on the seriousness of the traffic infraction.
Respectfully submitted,
 DON STENBERG Attorney General
 Joseph P. Loudon Assistant Attorney General
Approved By:
Don Stenberg 
Attorney General